42613. McDONALD et al. v. G. A. C. FINANCE
CORPORATION.

SUBMITTED FEBRUARY 6, 1967—DECIDED MARCH 9, 1967.

*John D. Edge*, for appellants.

EBERHARDT, Judge. ■ There is no merit in the contention that under *Harris v. Usry*, 77 Ga. 426, the foreclosure is fatally defective because the principal and interest are not set out separately. The plaintiff's affidavit sets forth $548.58 principal, $199.18 interest to date of the affidavit, $157.44 insurance fees, and future interest at the rate of 8% per annum.

■ Defendants contend that the loan is usurious even if made under and by virtue of the Georgia Industrial Loan Act. The thrust of the argument seems to be that *Robbins v. Welfare Finance Corp.*, 95 Ga. App. 90 (96 SE2d 892) should not be followed. We followed and expressly refused to overrule *Robbins* in *Haire v. Allied Finance Co.*, 99 Ga. App. 649 (109 SE2d 291) and *Robinson v. Colonial Discount Co.*, 106 Ga. App. 274 (126 SE2d 824), and we consider that the matter is closed so far as this court is concerned. Under those authorities, cases not decided under the Act, such as *Loganville Banking Co. v. Forrester*, 143 Ga. 302 (84 SE 968, LRA 1915D 1195), are inapplicable.

The case at bar differs slightly from *Robbins* in that the loan involved there was payable in 18 monthly installments, thus calling into play that portion of § 15 (a) of the Act (Ga. L. 1955,

pp. 431, 440; *Code Ann.* § 25-315 (a)) which provides that "[o]n loan contracts repayable in 18 months or less, the interest may be discounted in advance. . ." Hence in *Robbins* the contention was rejected that the loan was usurious because the "face amount of the contract" upon which 8% interest per annum was calculated included not only insurance premiums and fees which were themselves calculated on the "face amount of the contract," but also included already discounted interest.

In the case at bar the requirement of § 15 (a) of the Act is that "on contracts repayable over a greater period [than 18 months], the interest shall be added to the principal amount of the loan." The affidavit of illegality shows that the amount of interest charged was $135.72, which, when subtracted from the "face amount of the contract," leaves a balance of $848.28 composed of the $627.48 cash received by defendants and the insurance premiums and fees authorized by §§ 15 (b) and 15 (c) of the Act (Ga. L. 1955, pp. 431, 440-442 as amended; *Code Ann.* § 25-315 (b), (c)). Under *Robbins* we take this balance of $848.28 to be the "principal amount" of the loan upon which interest may be computed rather than the $627.48 cash actually received by defendants, and interest of 8% per annum on this amount calculated over the 24-month period is $135.72 to the penny. Hence no usury appears.

■ It does not appear from the record that the insurance involved in the loan does not conform to the requirements of § 15 (c) of the Act (*Code Ann.* § 25-315 (c)). Accordingly the "other charges for insurance" do not render the loan usurious.

■ Nor does it appear from the record that defendants were not given credit for unearned interest. There was no judgment for interest and fees but only for $548.58 principal. Moreover this point is not argued in the brief, and it is treated as abandoned.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*