## 54903. CONSOLIDATED CREDIT CORPORATION OF ATHENS, INC. v. PEPPERS et al.

SHULMAN, Judge.

Appellant filed suit against appellees on a note governed by the Industrial Loan Act. Appellees failed to answer the suit and a default judgment issued against them. When appellant caused a levy to be made on certain personalty of appellees, a motion was made to set aside the judgment, claiming that appellant charged an excessive loan fee, making the loan usurious, and therefore void. This appeal is from the granting of that motion. We affirm.

The sole issue for our determination is the meaning of the phrase, "face amount of the contract" (hereinafter, FAC), as used in Code Ann. § 25-315 (b). The phrase is used in subsections (a) and (b) of § 25-315, setting out permissible charges on loans governed by the Industrial Loan Act: "(a) Basic interest; advance discounts. Charge, contract for, receive and collect interest at a rate not to exceed eight per cent. per annum of the face amount of the contract, whether repayable in one single payment or repayable in monthly or other periodic installments. On loan contracts repayable in 18 months or less, the interest may be discounted in advance, and on contracts repayable over a greater period, the interest shall be added to the principal amount of the loan . . . (b) Fee for making loan. In addition thereto, charge, contract for, receive, or collect at the time the loan is made, a fee in an amount not greater than eight per cent. of the first $600 of the face amount of the contract, plus four per cent. of the excess: . . ."

Although subsection (a) expresses the authorized interest rate as a percentage of a computational base, the FAC, this court has required the use of different computational bases depending on the length of the note's term. *Robbins v. Welfare Fin. Corp.,* 95 Ga. App. 90, 95 (96 SE2d 892), involved a note repayable in 18 months. It was there held that the FAC was the total payback amount of

the loan. Ten years later, in *McDonald v. G.A.C. Fin. Corp.,* 115 Ga. App. 361 (2) (154 SE2d 825), involving a note repayable in more than 18 months, Judge Eberhardt refused to overturn *Robbins.* He also used the phrase "face amount of the contract" as meaning the total payback figure of the loan. However, he held that the computational base for calculating interest on the loan was the "principal amount," of the FAC exclusive of interest.

We have, therefore, the anomalous situation of a statute giving a single computational base for determining authorized interest and judicial decisions requiring the use of two different bases. There is, however, a definition of FAC provided in *Robbins* which resolves the tensions inherent in this situation, reconciles the holdings in *Robbins* and *McDonald* with each other and with the statute, and provides a basis for our decision in this case.

The *Robbins* court was faced with a case in which a borrower was contending that the note was usurious because interest was charged on the fees, the insurance premium and on the interest itself. The court approved the method used to compute the interest and held: "The contract is for not only the amount the debtor desires for his own use, but for the amount it is necessary for him to borrow in order to obtain what he needs for his own use." Id. p. 95. Since the note was repayable in 18 months, the interest was discounted (see subsection (a)), the effect of which was to lend the amount of the interest. The interest was, therefore, to be included in "the amount it is necessary . . . to borrow."

In applying the above definition of FAC to the $984 note in *McDonald,* we look to see what the debtor had to borrow to get what he wanted. He wanted to obtain $627.48. To do so, he had to borrow an additional $220.80 to pay the fees and insurance premiums. "Since the lender is entitled to his fees for *making* the loan, and does not receive them at that time, but by means of instalment payments during the [term of the loan], he is entitled to charge interest thereon." *Robbins,* supra, p. 95. The debtor, therefore, had to borrow $848.28 in order to obtain what he needed for his own use. For purposes of cal-

culating interest, then, the FAC (as herein defined) of that loan was $848.28, which the court found to be the proper amount on which interest was to be paid.

This definition of FAC, i.e., the amount it is necessary to borrow to secure the amount desired by the borrower, provides internal consistency to subsection (a) of § 25-315. We agree with and adopt the reasoning of appellees' counsel on this point: "The first sentence of that subsection makes the basic 8% interest rate applicable to the FAC regardless of the length of the loan term. If FAC were defined solely as the total payback figure, i.e., if the FAC always included interest, then every Industrial Loan Act loan would in effect be computed by the discounting method. But if this were so, the first sentence of 315 (a) would contradict the second, which draws a distinction between discount and nondiscount loans. When FAC is defined as 'amount borrowed,' however, the contradiction dissolves. The 'amount borrowed' equals the total payback figure only for discount loans, in which both principal and interest are borrowed. For nondiscount loans, the interest itself is not borrowed, and thus the 'amount borrowed' equals the total payback figure minus interest.

" 'Amount borrowed' therefore fits perfectly as the basic meaning of FAC in the interest provisions at Ga. Code § 25-315 (a). There is no reason to believe that the meaning of FAC is any different in the loan fee provisions at § 25-315 (b). In fact, 'amount borrowed' seems especially suitable as the computational base for the loan fee, since this fee is a front-end charge for *making* the loan . . . and thus relates to the amount of money originally considered as 'borrowed,' rather than the amount of money that is ultimately paid back."

As is apparent from the decisions in *Robbins* and *McDonald,* subsection (a) allows interest to be charged on the amount that is borrowed, and only on that amount. We see no reason to believe the legislature, using the same language, intended to supply a different computational base in subsection (b). Since the fee is for making the loan, it would be illogical to believe the lender is entitled to charge the fee on an amount greater than that which was borrowed.

In addition, use of "the amount it is necessary to borrow" as the definition of FAC avoids the anomaly of assigning two different values to the FAC in the same note, as was done here. For the purpose of calculating interest, appellant used as a computational base $1,655.18, comprised of $1,482.19 paid to or on behalf of appellees, $72.19 insurance premium, and $100.80 loan fee. Those are the proper components of the "principal amount" of the loan on which the interest may be charged according to *McDonald.* The amount of the loan fee was determined by using as the FAC the total payback figure which included $264.82 interest. It can be seen, therefore, that appellant used $1,655.18 in one calculation and $1,920 in another when the Code uses the same words to describe those amounts, "face amount of the contract."

Based on the reasoning above, we hold that the proper meaning for FAC in Code Ann. § 25-315 is the amount necessary for a borrower to borrow in order to obtain the amount desired. Since the note in the instant case was for more than 18 months, the amount it was necessary for appellees to borrow did not include the interest on the note. *McDonald,* supra. Including the interest in the computational base used to calculate the loan fee resulted in a fee in excess of that permitted by the Industrial Loan Act. The trial court was correct, therefore, in setting aside the default judgment.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED NOVEMBER 9, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 19, 1977 —

*Stan Durden,* for appellant.

*Marcus B. Brown, Jr., Jane E. Ferguson, Charles M. Baird,* for appellees.

*W. Rhett Tanner,* amicus curiae.