## 56676. CARTER v. SWIFT LOAN & FINANCE OF COLUMBUS, INC.

McMurray, Judge.

This is a suit on a note. The debt sued upon is a loan made under the provisions of the Georgia Industrial Loan Act (Code Ch. 25-3; Ga. L. 1955, pp. 431, 445, as amended; again amended in Ga. L. 1978, pp. 1033, 1034).

The total payback figure of the loan was $2,280, which included "Amount Financed" $1,830.59, $24 monthly maintenance charge, $114.14 loan fee and interest of $311.17. The loan made on March 19, 1976, was for a period of 24 months.

This suit was tried before the court without a jury. A judgment was entered in favor of plaintiff Swift Loan & Finance of Columbus, Inc. and against defendant Rosemary Carter. The defendant appeals, contending that the trial court erred in granting judgment in favor of the plaintiff because the loan fee charged under the contract was excessive. *Held:*

Code Ann. § 25-315 (b) (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394) provides that at the time of making an industrial loan a charge may be collected in an amount no greater than eight percent of the first $600 of the face amount of the contract plus four percent of the excess. The term "face amount of the contract" is defined in *Consolidated Credit Corp. of Athens, Inc. v. Peppers,* 144 Ga. App. 401, 404 (240 SE2d 922) (cert. dismissed after grant), as the amount necessary for a borrower to borrow in order to obtain the amount desired. In the case of a correctly calculated industrial loan for more than 18 months, which is not discounted, the "face amount of the contract" or "amount borrowed" may be determined by striking from the total payback figure, the amount of interest to be paid under the contract and the amount of the monthly maintenance charge. *Consolidated Credit Corp. of Athens, Inc. v. Peppers,* supra, at p. 403 defines "amount borrowed" as the total payback figure minus interest. The contract in that case was made prior to the effective date of Code Ann. § 25-315 (e) (Ga.L. 1975, pp. 393, 394; 1977, p. 288) authorizing a monthly maintenance charge for each loan

contract, therefore, we have adjusted the definition of "amount borrowed" to reflect this statutory change. In the case sub judice it is apparent from examination of the contract that a loan fee was charged on the interest to be paid under the contract. This was an incorrect calculation as the loan fee may not be charged on an amount greater than that which was borrowed.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED DECEMBER 5, 1978.

*J. Greg Wolinski, Paul E. Kauffmann,* for appellant. *William Leon Slaughter,* for appellee.