## 58252. LAYTON et al. v. LIBERTY LOANS OF WAYCROSS.

CARLEY, Judge.

In August 1977 the appellee filed suit against appellants on a 36-month note governed by the Industrial Loan Act (ILA). Appellants failed to answer and, on October 31, 1977, a default judgment was entered against them. On March 16, 1979, appellants moved to set aside the default on the ground that interest had been included in the computational base used to calculate the loan fee, in

violation of the ILA, and that the underlying loan contract was null and void. *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401 (240 SE2d 922) (1977). The motion to set aside was heard by the court and denied. However, the judgment against appellants was amended so as to reduce the appellee's recovery by an amount equal to that improperly charged as a loan fee. Appellants appeal from the denial of their motion.

1. The appellee does not dispute that the loan fee charged appellants was in excess of that permitted by the ILA, as interpreted in *Peppers,* supra. It does note, however, that the loan contract and the notes were executed and the judgment itself was entered prior to our decision in *Peppers.* Since *Peppers* applies retroactively (to loan contracts entered into prior to that decision) and not merely prospectively (to loan contracts entered into after that decision), the fact that the events underlying the instant appeal preceded that decision, standing alone, affords the appellee no basis for arguing that the holding in *Peppers* is inapplicable here. *Carter v. Swift Loan &c. Inc.,* 148 Ga. App. 358 (251 SE2d 379) (1978) (decision in *Peppers* applied to loan made in 1976). However, subsequent to our decision in *Peppers,* the General Assembly enacted Ga. L. 1978, pp. 1033, 1034, which amended the ILA by striking section 20 thereof in its entirety and substituting in lieu thereof a new section which provided, inter alia: "If a contract is made in good faith in conformity with an interpretation of this Act by the appellate courts of this State or in a rule or regulation officially promulgated by the [Georgia Industrial Loan] Commissioner after public hearings, no provision in this Section imposing any penalty shall apply, notwithstanding that after such contract is made, such rule or regulation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason." Code Ann. § 25-9903 (c). The appellee argues that this statute should be applied retroactively so as to give pre-*Peppers* lenders the benefit of the good faith defense.

"A statute is never to be given a retroactive operation unless such construction is absolutely demanded. [Cit.]" *J. Scott Rentals, Inc. v. Bryant,* 239 Ga. 585, 587 (238 SE2d 385) (1977). It is clear that this rule of construction

applies to statutes which amend the usury law of this state. See, e.g., *Long v. Gresham,* 148 Ga. 170 (96 SE 211) (1918); *Lankford v. Holton,* 187 Ga. 94 (200 SE 243) (1938). The 1978 Act of the legislature here in issue did not authorize the loan fee computation procedure condemned as violative of the ILA in *Peppers.* Indeed, the statute specifically retained the language of the former section to the effect that any loan contract made in violation of the ILA would be "null and void." " '[N]ull and void' . . . means that the contract is illegal and against the public policy of the state, and that any money loaned under such a contract cannot be recovered. [Cits.]" *Hodges v. Community Loan & Invest. Corp.,* 234 Ga. 427, 430 (216 SE2d 274) (1975). The part of the statute which is relevant to the issue here merely provides for a "good faith" defense to the claim that a loan contract is "null and void." The statute, in so doing, does not contain "imperative" language indicating that the "good faith" defense provision is to be applied retroactively. See, *Moore v. Gill,* 43 Ga. 388 (1871). Thus, the question is whether a loan contract which was "null and void" under the law existing at the time of the consummation of the transaction gains new life and enforceability because of the subsequent enactment of a statute which provides for a good faith defense against nonenforcement without specifically providing for retroactive applicability of such good faith defense.

*Maynard v. Marshall,* 91 Ga. 840 (18 SE 403) (1893) is controlling on this issue. In that case the statute in effect at the time the parties entered into the usurious transaction provided that the penalty was the forfeiture of all interest, the usurious and the non-usurious alike. Subsequently the statute was amended so as to repeal that portion providing for the forfeiture of the legal interest, so that thereafter only the usurious interest would be forfeited. Thus the amendment provided for a lesser penalty than that previously established and had the effect, by legitimatizing the collection of lawful interest, of allowing the enforcement of usurious contracts as if they had been entered into in conformity with the usury laws. When, in *Maynard,* suit was brought to foreclose the mortgage given to secure the note, the plea

of usury was made. The jury found the transaction to be usurious and the court, applying the statute that was in effect at the time the transaction was entered into, denied the lender's right to recover any interest. The lender appealed, contending that he should be afforded the benefit of the subsequent amendment and thus recover the legal rate of interest. The Supreme Court, applying the law as it existed at the time of the transaction, held that lender was not entitled to the benefit of the subsequent amendment and affirmed the denial of any recovery of interest.

It is true that in *Maynard* the question was whether legal interest or no interest was recoverable, while in the instant appeal the question is whether the loan contract is, in its entirety, "null and void." However, the thrust of the arguments of the lenders in both cases is identical — that an otherwise usurious contract gains greater enforceability than it had at the time the transaction was consummated by virtue of the enactment of a subsequent amendatory statute. We quote at length from the *Maynard* decision extrapolating, where pertinent, to the law and the facts applicable in the instant appeal. "The constitution of [1976] [Code Ann. § 2-107] expressly prohibits the passage of retroactive laws, and the general rule laid down by the code [Code Ann. § 102-104] is that laws prescribe only for the future. It is also a general rule applicable to amending statutes, that they are to be construed as intended to have operation on future transactions only, and as having no retroactive purpose not plainly expressed. The amending act [reenacted the provision of former Code Ann. § 25-9903 that any loan contract made in violation of the ILA shall be null and void]. There can be no doubt that [this provision] still [applies] to the note involved in this case . . . This being so, is there the slightest probability that the legislature intended the amendment to retroact upon that note and similar contracts in existence when the amending law was passed? We think not, and so rule . . . Ours is a case in which the legislative declaration that [loan contracts in violation of the ILA shall be null and void] is left standing upon the statute book . . . Are notes, deeds, etc., fatally vicious on account of usury, to become legally operative

when the usury laws are repealed and again vicious when those laws are reinstated, and so continue to rise and fall as often as the policy of the State with respect to usury may change, or will the first change only take effect upon them and subsequent changes pass them by? . . . [W]hether the repeal of all usury laws would or would not infuse life into a contract which was not in it before, we can safely hold that where such laws are not repealed, so as to remove from the statute-book all denunciation of such contracts as unlawful, they get no new life by an amendment of the law which can be fairly construed as intended to operate prospectively only." *Maynard v. Marshall,* supra, at 845.

We, therefore, conclude that "[i]n view of the rule that statutes amending prior statutes are to be construed as intended to have operation on future transactions only, and as having no retroactive purpose not plainly expressed, [Ga. L. 1978, pp. 1033, 1034], does not [provide the benefit of the "good faith" defense], save as to contracts entered into subsequently to the passage of the amending act. The effect of the amendment was to leave persons who had violated the original act subject to [the penalty for violating the provisions of the ILA], whilst those violating the provisions of the act after the amendment [might avoid the penalty by demonstrating their violation was in "good faith" conformity with appellate interpretations of the ILA or officially promulgated rules and regulations]." *Shealy v. Toole,* 56 Ga. 210, 211 (1876).

Nothing in *Public Fin. Corp. v. Cooper,* 149 Ga. App. 42 (253 SE2d 435) (1979) demands a contrary result. In that case, subsection (b) of Ga. L. 1978, pp. 1033, 1034, which prohibited class action suits for violations of the ILA, was held to be retroactive in effect and applicable to actions filed prior to its enactment. That decision was based upon the rule that "[while] new laws passed by the legislature are normally only prospective in application, '[a] statute determining who may be proper parties to actions, especially when the actions are of a remedial nature, will be applied to actions accrued or pending at the time of its passage.' [Cits.]" *Public Fin. Corp. v. Cooper,* supra. The case at bar, however, involves subsection 1 (c) of that

statute, which does not relate to procedure but, rather, provides for the possible avoidance of a penalty for violation of the ILA. The appropriate standard by which to judge its retroactive application is that "the law fixing a penalty for a usurious charge in a note, of force at the date of the execution of the note, prevails as against an act of the legislature subsequently passed which repeals such penalty." *Long v. Gresham,* supra, p. 170.

2. "Since the note in the instant case was for more than 18 months, the amount it was necessary for [appellants] to borrow did not include the interest on the note. [Cit.] Including the interest in the computational base used to calculate the loan fee resulted in a fee in excess of that permitted by the Industrial Loan Act. The trial court was [incorrect], therefore, in [not] setting aside the default judgment." *Peppers,* supra at 404.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED SEPTEMBER 24, 1979 — REHEARING DENIED NOVEMBER 26, 1979.

*Rudolph J. Chambless,* for appellants.
*Dennis J. Strickland, Sr.,* for appellee.
*Charles M. Baird, John C. Porter, Jr.,* amicus curiae.