58084. WESSINGER et al. v. KENNESAW FINANCE COMPANY OF AUSTELL.

BIRDSONG, Judge.

Appellee finance company executed and filed an affidavit of foreclosure on personal property which was secured by appellants' promissory note and bill of sale to secure debt. Appellants answered and alleged among other things that the promissory note was void as it was made in violation of the Georgia Industrial Loan Act. Code Ann. Ch. 25-3. The parties stipulated to the facts which included the terms of the note which was to be repaid in 24 months and the bill of sale to secure debt and a disclosure and itemized statement of the loan. In granting appellee judgment for a writ of possession, the trial court specifically concluded that the note did not violate the Georgia Industrial Loan Act, supra. *Held:*

1. The loan fee charged here was in excess of that allowed under the Act. In *Carter v. Swift Loan &c. of Columbus,* 148 Ga. App. 358, 359 (251 SE2d 379), we held: "Code Ann. § 25-315 (b) (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394) provides that at the time of making an industrial loan a charge may be collected in an amount no greater than eight percent of the first $600 of the face amount of the contract plus four percent of the excess. The term 'face amount of the contract' is defined in *Consolidated Credit Corp. of Athens, Inc. v. Peppers,* 144 Ga. App. 401, 404 (240 SE2d 922) (cert. dismissed after grant), as the amount necessary for a borrower to borrow in order to obtain the amount desired. In the case of a

correctly calculated industrial loan for more than 18 months, which is not discounted, the 'face amount of the contract' or 'amount borrowed' may be determined by striking from the total payback figure, the amount of interest to be paid under the contract and the amount of the monthly maintenance charge. *Consolidated Credit Corp. of Athens, Inc. v. Peppers,* supra, at p. 403 defines 'amount borrowed' as the total payback figure minus interest. The contract in that case was made prior to the effective date of Code Ann. § 25-315 (e) (Ga. L. 1975, pp. 393, 394; 1977, p. 288) authorizing a monthly maintenance charge for each loan contract, therefore, we have adjusted the definition of 'amount borrowed' to reflect this statutory change."

Applying the *Carter* holding to this case reveals that an excessive loan fee was charged. The total amount to be repaid in this case was $864.00. This amount was calculated as follows:

| | |
|---|---:|
| Amount Financed | $666.54 |
| Interest | 115.86 |
| Loan Fee 8% | 48.00 |
| Loan Fee 4% | 9.60 |
| Maintenance Charges | 24.00 |
| | $864.00 |

It is obvious that interest was included in the computational base for the loan fees. The face amount of the contract here may be determined by subtracting the interest and maintenance charges of $139.86 from $864, the total payback figure, which totals $724.14. The appellee correctly charged a $48 loan fee on the first $600 of the face amount of the contract (600 x 8% = $48). However, the 4% loan charge of $9.60 on the balance over $600, to wit: $124.14, was excessive. Computed correctly the amount should have been $4.97 ($124.14 x 4% = $4.97). Therefore, this excessive loan fee voids the note under Code Ann. § 25-9903 (a) and the trial court erred in granting a writ of possession to the personalty which was the security for the note.

2. The provisions of Code Ann. § 25-9903 (c) will not require a different result. It was added to the Georgia Industrial Loan Act after our decision in *Peppers.* This statutory provision provides: "(c) If a contract is made in

good faith in conformity with an interpretation of Chapter 25-3 by the appellate courts of this State or in a rule or regulation officially promulgated by the commissioner after public hearings, no provision in this section imposing any penalty shall apply, notwithstanding that after such contract is made, such rule or regulation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason." Appellee has not cited to us nor does the record reveal any rule or regulation of the Industrial Loan Commission which falls within this statute. Assuming but not deciding that the *Peppers* case which basically construed and harmonized two older decisions of this court, *Robbins v. Welfare Fin. Corp.*, 95 Ga. App. 90 (96 SE2d 892) and *McDonald v. G. A. C. Fin. Corp.*, 115 Ga. App. 361 (2) (154 SE2d 825) would come within its terms, this question of good faith was not raised in the court below. *Peppers* was decided in December, 1977, and this statute was enacted and became effective on March 14, 1978. The judgment here was entered on November 17, 1978. Thus, it is apparent that plaintiff had ample notice of and opportunity to raise this good faith issue and it did not. We will therefore not permit any further consideration of it for the first time on appeal. *Barbee v. Barbee*, 201 Ga. 763 (41 SE2d 126).

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 9, 1979 — DECIDED OCTOBER 9, 1979.

*Stephen Roberts,* for appellants.
*J. Clifford Johnson, Robert J. Grayson,* for appellee.