LANDMARK FINANCE
CORPORATION,
Appellant,

v.

Donald Edward COX, Appellee.

Bankruptcy No. 377–25.

United States District Court,
S. D. Georgia,
Dublin Division.

Jan. 22, 1980.

H. G. Bozeman, Dublin, Ga., for appellant.

Maurice Byers, Dublin, Ga., for appellee.

## ORDER ON APPEAL

BOWEN, District Judge.

This is an appeal from an order of the Honorable Herman W. Coolidge, Bankruptcy Judge for this district. The appeal has been decided by the undersigned District Judge under Local Rule 2.1 regarding assignment of cases. The record on appeal is deficient. It does not even contain a copy of the contract on which the case turns. The contract is not absolutely essential to this Court's review however, and because of the age of the case, expansion of the record has not been directed. Bankruptcy Rule 806 casts the burden of preparation of the record on the parties. Nevertheless, it is transmitted by the Bankruptcy Judge, and it should contain the documentation necessary to afford the reviewing Court a complete understanding of the case. The Bankruptcy Judge should require amendments to the designation of contents of the record on appeal after careful inspection thereof.

### I

Appellant, Landmark Finance Corporation, a creditor of the bankrupt, filed a complaint on February 14, 1978, seeking to have its debt excepted from discharge alleging the bankrupt's fraud under section 17a(2) of the Bankruptcy Act[1], 11 U.S.C. § 35(a)(2). In denying the complaint on April 19, 1978, the Bankruptcy Judge determined that the issue of fraud was moot because the loan contract in question violated the Georgia Industrial Loan Act (GILA) and was therefore void in its entirety. Landmark appeals from the Bankruptcy Judge's order.

The original loan contract between the parties was dated February 11, 1976. Renewal contracts were dated November 18, 1976, and September 30, 1977. The validity of the contracts was never raised by the parties. *Sua sponte* the Bankruptcy Judge inquired whether the loan complied with the Georgia Court of Appeals decision in Consolidated *Credit Corporation v. Peppers,* 144 Ga.App. 401, 240 S.E.2d 922 (1977). On this issue Judge Coolidge said:

The "Peppers" decision holds that the proper meaning of "face amount of contract" as defined in Section 25–315 of the Georgia Code Annotated is the amount necessary for the borrower to borrow in order to obtain the amount of money he desires.

All contracts in this case are for more than eighteen (18) months. The amount necessary for the borrower to borrow from Landmark in order to obtain the amount needed did not include interest. Under these contracts the interest was calculated and was to be included in and repaid monthly under the repayment plan. In applying the rules set forth in "Peppers", this court concludes that Landmark did include the interest that was to be paid in the future in the computational base used to calculate the loan fee and such calculation did result in a fee in excess of that permitted by the Georgia Industrial Loan Act.

The penalty for violation of the GILA is prescribed in section 25–9903 of the Georgia Code. At the time the loan contracts were executed, this section provided in pertinent part that "[a]ny loan contract made in violation of [the GILA] shall be null and void." This provision was amended in its entirety effective March 14, 1978. The "null and void" language was retained with the added proviso that " . . . there shall be no forfeiture of the principal amount of the loan contract if the lender shows by a preponderance of the evidence that the violation is the result of a bona fide clerical or typographical error." Act of March 14,

---

1. The Bankruptcy Reform Act of 1978 does not apply to this action. The new Act became effective on October 1, 1979. Pub.L.No. 95–598, Tit. IV, 92 Stat. 2682 (1978).

1978, No. 1035, § 1(a), 1978 Ga.Laws 1033 [codified at Ga.Code Ann. § 25–9903(a) (Cum.Supp.1979)].

At issue in the Bankruptcy Court's ruling was subsection "c" of the amended statute which provides:

If a contract is made in good faith in conformity with an interpretation of [the GILA] by the appellate courts of this State or in a rule or regulation officially promulgated by the commissioner after public hearings, no provision in this section imposing any penalty shall apply, notwithstanding that after such contract is made, such rule or regulation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

Appellant contended that this statute precludes application of the "null and void" penalty in a *Peppers*-type situation when the loan in question antedates *Peppers*. In response, the Bankruptcy Judge noted that all pertinent transactions in the controversy preceded the effective date of the amendment. The Bankruptcy Court determined that the Act was not retroactive in its application, and therefore the "null and void" penalty applied to the loan contracts.

In this appeal Landmark advances three arguments: (1) the Bankruptcy Court passed upon the validity of the loan contract when it issued an Order of Abandonment at the First Meeting of Creditors, hence the issue was res judicata between the parties; (2) since neither party questioned the validity of the contract, the bankrupt effectively waived this issue, and the court should not have raised it independently; (3) the 1978 amendment to the GILA, codified at section 25–9903(c) of the Georgia Code Annotated, insulates the loan contracts from the "null and void" penalty despite their non-conformance with *Peppers*.

## II

Although this Court was not supplied with a copy of the Order of Abandonment, it appears from appellant's brief that Judge Coolidge issued the order in favor of Land-

mark at the First Meeting of Creditors on January 18, 1978. *Peppers* had been decided at this time, and Landmark asserts that the Order of Abandonment "based on the subject contract" determined the validity of the loan and was therefore res judicata between the parties.

■ This contention prompts consideration of the basic principle that "[b]efore res judicata can be invoked, a valid judgment, usually in another action, between the same parties or their privies must have adjudged some matter with finality." 1B Moore's Federal Practice ¶ 0.409[1] at 1001. The summary abandonment of collateral security or burdensome property does not meet these criteria. It is not a final judgment, rather its purpose is to dispose of property "which is either worthless, or overburdened, or for any other reason certain not to yield any benefit to the general estate." 4A Collier ¶ 70.42[2] at 502. Thus, in entering an Order of Abandonment, the Bankruptcy Court performed an administrative function and did not finally adjudicate the validity of the loan contracts. Accordingly, the Bankruptcy Judge's action at the First Meeting of Creditors did not preclude later consideration of the validity issue.

## III

■ In the order determining the dischargeability of the debt, the Bankruptcy Judge questioned the validity of the loan *sua sponte*. Appellant's second argument challenges the propriety of this action.

The statutory provisions for discharge are remedial in nature. 1A Collier ¶ 14.02 at 1262. As the Tenth Circuit Court of Appeals stated in *Jones v. Gertz*, 121 F.2d 782, at page 783–784 (10th Cir. 1941): "The bankrupt is entitled to have the Bankruptcy Act . . . liberally construed in his favor and is entitled to a discharge unless it clearly appears that he has committed some act which precludes this right . . / [T]he reason for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural." Adherence to this mandate requires that, as an

initial inquiry in matters affecting discharge, the Bankruptcy Judge determine whether a valid debt exists. If the validity of the debt is an issue, the failure of the parties to raise it should not foreclose the bankrupt's entitlement to discharge. The law is the law regardless of what the parties argue or state it to be.

This obligation to ascertain validity has a further statutory basis in the mandated jurisdiction of the Bankruptcy Court to allow or to disallow claims. Bankruptcy Act § 2a(2), 11 U.S.C. § 11(a)(2). Applying section 2a(2), the Supreme Court stated: "A bankruptcy court . . . has full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based. *This is essential to the performance of the duties imposed upon it.*" *Lesser v. Gray*, 236 U.S. 70, 74, 35 S.Ct. 227, 228, 59 L.Ed. 471 (1915) (emphasis added); *see Katchen v. Landy*, 382 U.S. 323, 329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391, 396 (1966). Although the sole issue presented by the parties was fraud, they did not thereby delimit the normal authority of the Bankruptcy Court. In the performance of his duties, the Bankruptcy Judge properly considered the validity of the loan contract before reaching the issue of fraud.

## IV

■ The Bankruptcy Judge ruled that the loan contracts between Landmark and the bankrupt charged a fee in excess of that permitted by the GILA and were therefore void. Central to this finding is *Consolidated Credit Corp. v. Peppers*, 144 Ga.App. 401, 240 S.E.2d 922 (1977) (cert. denied after grant), in which the Georgia Court of Appeals determined that the proper computational base in calculating loan fees on loans in excess of eighteen (18) months includes principal and other charges, but not interest. *Peppers* was decided on December 12, 1977, after the effective dates of the loan contracts. On March 14, 1978, prior to Judge Coolidge's order, the penalty provision of the GILA was amended [Act of March 14, 1978, No. 1035,

§ 1(c), 1978 Ga.Laws 1033 (codified at Ga. Code Ann. § 25–9903(c) (Cum.Supp.1979)] to provide that no penalty will apply to contracts made in conformance with Georgia appellate court interpretations of the Act or with official rules or regulations of the Commissioner, despite subsequent modification or rescission of the rule or regulation.

Landmark does not contest that the loan fee it charged was excessive under the computational base formulation established by *Peppers*. It argues instead that in light of the amended portion of the GILA [section 25–9903(c)] the Bankruptcy Court erred in applying the "null and void" penalty to the loan contracts. The issue thus presented is whether section 25–9903(c) should be applied retroactively to relieve Landmark of any penalty since its loan contracts were made before *Peppers* determined the proper computational base for charging loan fees.

As originally enacted, section 25–9903 provided that contracts in violation of the GILA were null and void. *See Hodges v. Community Loan and Investment Corp.*, 234 Ga. 427, 216 S.E.2d 274 (1975); *Lawrimore v. Sun Finance Co.*, 131 Ga.App. 96, 205 S.E.2d 110, *aff'd*, 232 Ga. 637, 208 S.E.2d 454 (1974); *Securities Investment Co. v. Pearson*, 111 Ga.App. 761 (1965). The 1978 additions to the penalty provision did not eliminate the "null and void" language. In describing the purpose of these additions, the General Assembly stated that section 25–9903(c) was intended "to exempt from certain penalties contracts made in reliance upon certain rules, regulations or interpretations" of the GILA. The legislature, however, was silent on whether the amendment had retroactive effect.

"The settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it." *Town of Lyerly v. Short*, 234 Ga. 877, 879, 218 S.E.2d 588, 590 (1975) (construing Ga.Code Ann. § 102–104). This principle has singular application to the GILA; the Georgia courts have strictly construed the Act since its provisions are in derogation of the common law. *Georgia Investment Co. v. Norman*, 231 Ga. 821, 204

S.E.2d 740 (1974); *Liberty Loan Corp. v. Childs*, 140 Ga.App. 473, 231 S.E.2d 352 (1976), *appeal dismissed*, 239 Ga. 220, 236 S.E.2d 373 (1977). The exception to this general rule is that statutes which are merely remedial in nature may be applied to pending actions. *Bauer International Corp. v. Cagles, Inc.*, 225 Ga. 684, 687, 171 S.E.2d 314 (1967). "A remedial act serves to change the method or procedure through which a right may be asserted or enforced . . . ." *Turman v. Mabry*, 221 Ga. 153, 154, 143 S.E.2d 645, 646 (1965). Section 25–9903(c), however, does not bear upon the method of enforcement,[2] but rather conforms with the general purpose of the penalty provision to deter lender abuse.[3] The Bankruptcy Judge correctly found that section 25–9903(c) does not have retroactive application.

Accordingly, the order entered April 19, 1978, by the Honorable Herman W. Coolidge, Bankruptcy Judge, and any judgment entered thereon, is hereby *affirmed* in its entirety, and costs in this appeal shall be borne by the appellant.

**2.** Georgia Code section 25–9903(b), in contrast does pertain to the method of enforcement. It provides that "[a] claim of violation of Chapter 25–3 may be asserted in an individual action only and may not be the subject of a class action under section 81A–123 of the Georgia Civil Practice Act, or any other provision of law." The Georgia Court of Appeals has applied this section retroactively. *Motor Finance Co. of Georgia, Inc. v. Harris*, 150 Ga.App. 762, 258 S.E.2d 628 (1979); *Public Finance Corp. v. Cooper*, 149 Ga.App. 42, 253 S.E.2d 434 (1979).

**3.** *See generally* Comment, *Recent Developments Under the Georgia Industrial Loan Act*, 27 Emory L.J. 109, 122–23 (1978).