SUBMITTED NOVEMBER 20, 1979 — DECIDED MARCH 12, 1980.

W. *Robert Lane*, for appellants.
*Donald B. Howe, Jr., Timothy A. McCreary*, for appellee.

### 59004. SANDERS et al. v. LIBERTY LOAN CORPORATION.

SMITH, Judge.

Appellants borrowed the principal sum of $748.58 from appellee on August 31, 1977, under a loan contract. Appellants now contend the loan contract is in violation of the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431-445; 1978, pp. 1033, 1034 (Code Ann. Chs. 25-3, 25-99)), the Federal Truth-In-Lending Act, 15 USCA § 1601 et seq., and Regulation Z, 12 CFR § 226. Both sides moved for summary judgment. The trial court granted appellee's motion. We reverse with direction.

1. Appellants first contend that the terms of their loan contract with appellee provided for the payment by appellants of a loan fee which was calculated in violation of this court's holding in *Consolidated Credit Corp. v. Peppers*, 144 Ga. App. 401 (240 SE2d 922) (1977). Appellants assert that the loan contract in the instant case was rendered null and void *ab initio* by this defect. We agree.

This court held in *Peppers* that the Industrial Loan Act does not permit lenders to charge borrowers "interest on interest" by including the interest on the "amount borrowed" in the computational base used to calculate the loan fee to be paid by the borrowers. Appellee concedes that the loan fee it charged appellants is excessive under *Peppers*. However, appellee asserts that it relied in good faith upon decisions of the appellate courts of this state in computing the loan fee, and that its action therefore falls within the protection afforded by Ga. L. 1955, pp. 431, 444; 1978, pp. 1033, 1034 (Code Ann. § 25-9903 (c)). This section, which was enacted subsequent to the loan

contract at issue in this case, provides that "[i]f a contract is made in good faith in conformity with an interpretation of Chapter 25-3 by the appellate courts of this State . . . no provision in this section imposing any penalty shall apply . . ."

Appellee's reliance on Code Ann. § 25-9903 (c) is misplaced. We have recently held that this section cannot be retroactively applied to sanction loan fees which are impermissible under the *Peppers* holding and which were contained in loan contracts made before the March 14, 1978 effective date of that Code section. See *Layton v. Liberty Loans,* 152 Ga. App. 504 (263 SE2d 167) (1979).

We conclude that the loan fee included in the contract between appellants and appellee was in excess of that permitted by the Industrial Loan Act. The loan contract was therefore null and void *ab initio.*

2. In view of our disposition of appellants' first enumeration of error, we find it unnecessary to reach the merits of appellants' second, third and fourth enumerations of error, all of which address other alleged violations of the Industrial Loan Act.

3. Appellants next contend that the trial court "erred in failing to find that the contract of the appellee violated the Truth-In-Lending provisions of the Federal Consumer Credit Protection Act." In support of this contention, appellants assert that "the disclosures which have been made by the defendant [appellee] are not proper disclosures as to the amount of credit of which the plaintiffs will have the actual use," and that "those disclosures have not been made in meaningful sequence." We find no merit whatsoever in these assertions.

The two copies of the loan contract between appellants and appellee clearly set out, in logical order, "[t]he amount of credit . . . which will be paid to the customer or for his account or to another person on his behalf, including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term 'amount financed' . . ." 12 CFR § 226.8 (d) (1). Appellants' hypertechnical argument that appellee violated Section 1639 of the Federal Truth-In-Lending Act and § 226.8 (d) of Regulation Z by failing to separately add $398.63 (the

amount outstanding on a prior account) to the amounts actually disbursed to appellants and their designees is unpersuasive. While Regulation Z and the Truth-In-Lending Act do impose strict disclosuure requirements on lenders, see Pollock v. General Finance Corp., 535 F2d 295 (5th Cir. 1976), such legislation cannot be construed as imposing an absolute duty on lenders to separately calculate and set forth all the various permutations and combinations of the sums constituting the "amount financed." See Barbieri v. Commercial Credit Loans, Inc., 596 F2d 660, 662 (5th Cir. 1979).

The disclosures made by appellee in the subject loan contracts were made in a sufficiently "meaningful sequence" to satisfy the requirements of Regulation Z. Appellants have cited no case authority which would render invalid the particular sequential arrangement of the various loan components used by appellee on the face of its loan contracts with appellants.

The trial court did not err in entering summary judgment in favor of appellee on appellants' claims under the Truth-In-Lending Act and Regulation Z.

4. The apportionment of damages in this case is controlled by *Nash Loan Co. v. Dixon,* 181 Ga. 297 (182 SE 23) (1935). In *Nash,* the Georgia Supreme Court held that recovery of payments made by a borrower towards repayment of principal under a null and void loan contract is barred by Code § 20-1007 if the payments were made voluntarily. The Supreme Court further held that repayment of sums constituting *interest* on such an invalid loan *were* recoverable by the borrower, since the lender's claims to the principal stood on a different equitable footing than the lender's claims to the interest on the principal sum of the loans.

Applying the *Nash* decision to the instant case, we hold that appellee must refund to appellants only those portions of appellants' payments under the loan contract which correspond to the interest on the principal sum of the loan. Appellants have no obligation to render any further payments to appellee under the loan contracts.

The judgment is reversed with direction that the trial court enter judgment in favor of appellants consistent with this opinion.

*Judgment reversed with direction. Quillian, P. J. and Birdsong, J., concur.*

Submitted November 20, 1979 — Decided March 12, 1980 —

*James A. Elkins, Jr.,* for appellants.
*William L. Slaughter,* for appellee.