59046. GAINESVILLE FINANCIAL SERVICES, INC. v. McDOUGAL et al.

BIRDSONG, Judge.

Georgia Industrial Loan Act. The trial court sustained the debtors' motion to set aside a default judgment obtained by the appellant, Gainesville Financial Services, Inc., in 1973.

The loan contract here was entered into in 1972 and the judgment rendered in 1973. Execution of the fi. fa. was not sought to be enforced until 1978, when in response thereto the debtors interposed a motion to set aside the judgment on grounds that the loan instrument was null and void by operation of Section 20 of the Georgia Industrial Loan Act, Code § 25-9903. The debtors alleged in

particular that the loan contract contained an acceleration clause whereby appellant "contracted for charges in excess of those permitted by said Act," in violation of Code § 25-316; more particularly, that said loan contract was made in violation of the decision of *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110), affirmed 232 Ga. 637 (208 SE2d 454).

Appellant conceded that the loan contract contains a *Lawrimore* violation; that is, a clause providing that the debtor's "failure to pay any installment when due . . . shall at the option of the holder hereof render all remaining installments at once due and collectible." However, appellant does not expressly concede that *Lawrimore* applies retroactively to its contract; indeed, it argues that at the time of the execution of the contract, it was made in good faith in conformity with all laws of Georgia, particularly the Industrial Loan Act as interpreted by the appellate courts of this state; and that the 1978 amendment to Code § 25-9903, which provides a good faith defense to the penalties of the act, should be applied retroactively to validate the contract. *Held:*

The appellees argue, correctly we think, that the 1978 amendment to Code § 25-9903 providing a good faith defense to the penalties of the act, should not apply retroactively because it is a subsequent statutory enactment which cannot render enforceable a contract which was null and void at the time it was made. *Layton v. Liberty Loans,* 152 Ga. App. 504, 505-506 (263 SE2d 167), reversed on other grounds, *FinanceAmerica Corp. v. Drake,* 154 Ga. App. 811 (1980). However, that conclusion is inapplicable to the case because we conclude that the trial court erred in ruling that the contract was null and void at the time it was made.

The trial court's basis for holding the contract null and void (and the appellee debtors' basis for urging that it was so) was the retroactive application of *Lawrimore,* supra (1975), to a loan contract entered into in 1972, upon which a judgment had been rendered in 1973. This court in *FinanceAmerica,* supra, recently declined to apply another appellate case (*Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401 (240 SE2d 922)) retroactively so as to make null and void under the Industrial Loan Act a loan contract which was good when made and made in good faith. The rationale stated there we find eminently reasonable in this case as well. *FinanceAmerica* examined the *Peppers* case in light of standards enunciated in *Allan v. Allan,* 236 Ga. 199, 207-208 (223 SE2d 445) and Chevron Oil Co. v. Huson, 404 U. S. 97 (92 SC 349, 30 LE2d 296), and determined that *Peppers* should not be applied retroactively to render the subject contract void because *Peppers* had addressed a question of first impression whose resolution was not clearly foreshadowed; and

because to hold usurious a loan contract which would have been non-usurious under prior appellate decisions of this court, and which was entered into in good faith, would not "further the purpose and operation of the Industrial Loan Act to provide regulation of the business of making loans (Code § 25-302)," nor "promote stability in the regulation of such business." Under these circumstances, as in *FinanceAmerica,* we should not indulge in the fiction that the law announced in *Lawrimore* was always the law. *FinanceAmerica,* supra, p. 811; Chevron Oil Co., supra, p. 107.

This is precisely the situation before us and we therefore decline to apply *Lawrimore,* supra, retroactively to render void the loan contract entered into in 1972. In deciding *Lawrimore* in 1975, this court specifically extended the 1971 holding in *Lewis v. Termplan,* 124 Ga. App. 507, 508 (184 SE2d 473). In 1971, one year before the subject contract was entered, *Lewis,* at p. 508, held that *"when the plaintiff opted to accelerate and claim unearned interest* on the otherwise unmature instalments . . . this amount was usurious and the instrument authorizing its collection is void under Code § 25-9903." (Emphasis supplied.) The *obligation* (not, in fact, the instrument) sued on in *Lewis* was held void not because the acceleration clause in the contract provided for the collection of unearned interest, but because the creditor *opted to collect it. Lewis* expressly distinguished another case which had affirmed a judgment that did not include the added-on interest but only that part of the balance reflecting principal indebtedness (*McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361 (1) (154 SE2d 825)). It is clear from a precise reading of *Lewis* that in 1971 (and until 1975, with the advent of *Lawrimore*) the mere presence of an acceleration clause in the loan contract did not render the obligation void from inception. As the court in *Lewis* pointed out, "[t]he statute does not deal with the effect of acceleration provisions where only the principal balance is sought . . ." (*Lewis,* supra, p. 509.) The plaintiff in *Lewis* "did knowingly charge, contract for, *and obtain a judgment authorizing collection of charges in excess of those permitted under Code Ann. Ch. 25-3"* (emphasis supplied) (p. 509); hence, and for that reason, the obligation upon the instrument was judged void.

This was the state of the law in 1972 when the parties herein entered their loan contract and in 1973 when judgment was obtained against the debtors. While the Industrial Loan Act prohibits the contracting for and charging of interest in excess of that allowed by the Act (see *Lawrimore,* supra, p. 97), acceleration clauses are not per se prohibited by the Act (see *Lewis,* supra); they were not judicially damned until the *Lawrimore* decision in 1975; even then, it was debated whether even the collection of unearned interest under an

acceleration clause constituted usury or the just collection of principal amount (see *Lawrimore,* Judge Eberhardt's dissent, p. 98) and see the related discussions in *FinanceAmerica,* supra; and *Peppers* supra; and cases cited). As noted by the United States Supreme Court in the context of disclosure of terms under the Truth-in-Lending Act, 15 USC § 1601 et seq., "[i]n itself, acceleration entails no monetary penalty, although a creditor may independently impose such a penalty, for example, by failing to rebate unearned interest charges." Ford Mtr. Credit Co. v. Milhollin, —- U. S. —- (100 SC 790).

It cannot be assumed, therefore, that on a reading of *Lewis* before *Lawrimore* was decided in 1975, the creditor "did or could foresee that this consistent [tacit or benign judicial approval of acceleration clauses when the creditor did not opt to pursue and obtain a judgment including unearned interest] would be overturned. The most [the creditor] could do was to rely on the law as it then was." Chevron Oil Co., supra, p. 107; see *FinanceAmerica,* supra.

If the 1973 judgment in this case includes unearned interest, it is (and always has been) a simple straightforward conclusion that it is bad under the 1971 case of *Lewis,* supra. If the judgment does not include unearned interest but only the principal indebtedness, we will not apply *Lawrimore* retroactively to render null and void what was good when made and made in good faith. The trouble in this case is that nowhere in the record is it stated or argued what portion, if any, of the judgment constituted an excess charge under *Lewis;* it was not presented in the briefs before the trial court and it is not presented to this court. The trial court ruled that the non-amendable defect authorizing the setting aside of the 1973 judgment was the attachment of a *void loan contract* to the plaintiff's complaint, which could only be adduceable under *Lawrimore,* and not to the inclusion of unearned interest in the judgment which would be bad under *Lewis.* The burden of proof below was on the debtors to prove the allegations of its motion to set aside, i. e., that the obligation was void (*Lewis,* supra, p. 510), and on the record we have, they did not sustain that burden. The trial court erred in setting aside the judgment in this case.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

Submitted January 10, 1980 — Decided May 28, 1980.

*Robert W. Lawson, Jr.,* for appellant.
*Hammond Johnson, Jr.,* for appellees.