In re Willie C. GODFREY, Debtor.

**FIDELCOR MORTGAGE COMPANY OF GEORGIA, INC., Plaintiff,**

v.

**Willie Cleven GODFREY and J. Sam Plowden, Defendants.**

Bankruptcy No. 80–00223N.
Adv. No. 80–0042N.

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

March 17, 1981.

Daniel E. Raskin, Lefkoff, Pike, Fox & Sims, Atlanta, Ga., for plaintiff.

Joseph King, Atlanta, Ga., for defendants.

ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

This is an adversary proceeding brought by Fidelcor Mortgage Company of Georgia,

Inc. ("Fidelcor") to obtain relief from the automatic stay provisions of 11 U.S.C. § 362(a) in order that Fidelcor may foreclose its security interest in certain real property which is in the possession of the debtor/defendant ("debtor"). The debtor filed a counterclaim against Fidelcor alleging that the loan secured by the security interest violated the terms of the Georgia Secondary Security Deed Act, Ga.Code Ann. § 57–201 *et seq.* The parties have filed cross-motions for summary judgment on the issues raised by the debtor's counterclaim. Those motions are before the Court for decision.

## FINDINGS OF FACT

### 1.

Greenville Credit and Investment Co. ("Greenville") made a loan secured by the real property in question to the debtor on September 5, 1974.

### 2.

On November 7, 1975, the loan and security deed were assigned for valuable consideration to Local Mortgage Corporation.

### 3.

Fidelcor advised the debtor of its purchase of the loan and security agreement and made appropriate arrangements with the debtor for him to begin making his payments to Fidelcor. At that time the debtor voiced no objection concerning possible violation of Georgia law involved in either the loan in question or the predecessor loan.

### 4.

Following Fidelcor's acquisition of the loan, the debtor defaulted. Fidelcor has received no payments on its note since April 28, 1978. Fidelcor has twice instituted foreclosure proceedings on the property in question. The debtor has twice stayed those foreclosure proceedings by filing Chapter 13 proceedings. The first Chapter XIII petition was dismissed due to the debtor's nonperformance. The second petition is before the Court currently and is the bankruptcy case to which this adversary proceeding relates. See 28 U.S.C. § 1471(b).

## CONCLUSIONS OF LAW

The debtor in his counterclaim and motion for summary judgment has raised four issues. The debtor's first claim is that Greenville, the original lender, violated Ga. Code § 57–201 *et seq.* by failure to rebate unearned finance charges upon the premature discharge of an obligation in conjunction with the issuance of a new loan. The debtor states that:

"A few brief citations will suffice at this point." Debtor's Brief, p. 2.

However, the debtor has not explained or demonstrated to the satisfaction of the Court that the lender, Greenville, did fail to rebate any unearned finance charge as alleged. Moreover, the affidavit of J. D. Latzak, President of Greenville, affirmatively states that Greenville made the required rebates in accordance with the statutory Standard Rule of 78 as required under Georgia law. Ga.Code § 57–201. On the evidence before the Court, it is clear that the debtor has neither made a showing which would require the Court to grant a summary judgment in his favor nor adequately rebutted the evidence of Fidelcor in order to prevent a summary judgment in favor of Fidelcor on this issue. Rule 756, Rules of Bankruptcy Procedure. Therefore, on this issue, the debtor's motion for summary judgment must be denied and Fidelcor's motion must be granted.

The debtor's counterclaim also alleges that Greenville contracted for usurious interest in the event of acceleration, by allowing for the collection of unearned and unaccrued interest by an acceleration clause which provides that

"The entire unpaid balance evidenced by this note, with all interest thereon,"

becomes due in the event of acceleration. However, the debtor cites no cases indicating that such a clause in fact violates the Georgia Secondary Security Deed Act. Ga. Code § 57–201 *et seq.* The debtor does not allege that Greenville in fact collected this unearned interest. Its argument is apparently based upon the argument that had

Greenville been sufficiently venal and had the debtor been sufficiently hebetudinous and had the loan, in fact, been accelerated, then Greenville might have been able to collect unearned interest in spite of a provision in the "Waiver Agreement and Interpretation of the Instruments." That provision reads as follows:

"We understand that in the event of acceleration of this debt by the lender, the finance charge will be prorated on a daily basis from the date of the loan to the date of acceleration, and *any unearned finance charge will be credited to the gross balance owing* and I, (we), will be liable for the net accelerated balance, less the proceeds of the sale." [emphasis added].

■ In the absence of Georgia law interpreting the acceleration clause, this Court must decide the issue as it thinks a Georgia court would. The recently decided case of *Gainesville Financial Services, Inc. v. McDougal*, 154 Ga.App. 820, 270 S.E.2d 40 (1980) gives some indication in that regard. The *McDougal* case held that where a contract was made in good faith and was not illegal under the law applicable at the time that it was made, then in that event it should not be rendered void by retroactive application of a subsequent decision which established that the mere contracting for unearned interest, as opposed to its collection, was usurious. While the *McDougal* case was not decided under the Secondary Security Deed Act, its application to these facts is obvious. Since there are still no reported decisions under the Secondary Security Deed Act which makes the clause in question illegal, it is clear that Greenville could not have known at the time that almost ten years later such a clause would upset the, by now, wholly executed transaction. Since a Georgia court would not void such a transaction, neither can this Court in applying Georgia law. Therefore, the summary judgment must be denied to the debtor on its second counterclaim and summary judgment must be granted to Fidelcor.

■ The debtor's third counterclaim appears to be based on the ground that all the disclosures required to be made under the law "were not made on one piece of paper." Debtor's Brief, p. 4. The Court does not find that there is a requirement that such disclosures be made on one piece of paper and therefore denies summary judgment on this ground.

■ The debtor's final ground for objection is that Fidelcor does not appear to be the real party in interest. However, the facts before the Court indicate that Fidelcor is the real party in interest. Fidelcor's ownership of the security deed and note is a matter of public record in the Superior Court of Meriwether County, Georgia, having been recorded at Book 150, p. 443. A copy of the assignment of the security deed and note is attached to the Brief of Fidelcor as Exhibit "C". Therefore, the Court rules in favor of Fidelcor and against the debtor on this issue, as well.

Since the debtor has made no effort to adequately protect Fidelcor, and more than thirty days has elapsed since Fidelcor filed its complaint for relief from stay, since the debtor has made no payments on its debt to Fidelcor in over two years, and since the debtor has prevented Fidelcor from foreclosing its security interest by successive filings in this Court, it is hereby

ORDERED AND ADJUDGED that summary judgment on the debtor's counterclaims is granted in favor of Fidelcor and against the debtor.

IT IS FURTHER ORDERED AND ADJUDGED that the automatic stay of 11 U.S.C. § 362(a) shall be and is lifted to allow Fidelcor to foreclose on the subject property.

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction over the property in question regardless of any future dismissal of the debtor's Chapter 13 petition for an adequate period of time to allow Fidelcor to complete its foreclosure.

IT IS SO ORDERED.