In re T. MICHAELIS CORVETTE SUPPLIES, INC., Debtor.

Bankruptcy No. B79–174.

United States Bankruptcy Court, N. D. Ohio, W. D.

Sept. 10, 1981.

George E. Ferstle, Toledo, Ohio, for Creditors Committee.

R. Timothy Bauer, Toledo, Ohio, for debtor.

Allan J. Conkle, Toledo, Ohio, for Masland Carpet and Weissenberger Chevrolet.

John C. Wasserman, Toledo, Ohio, for Terry Michaelis.

Barry E. Savage, Toledo, Ohio, for Robert Benton.

Terrance J. Degnan, Andrew E. Anderson, Toledo, Ohio, for First National Bank.

MEMORANDUM AND ORDER OVERRULING APPELLEE'S OBJECTION TO APPELLANT'S DESIGNATION OF CONTENTS FOR INCLUSION IN THE RECORD ON APPEAL OF THIS COURT'S ORDER OF AUGUST 6, 1981

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the motion of appellee, the official Creditors' Committee in this petition for an arrangement under Chapter XI of the Bankruptcy Act, objecting to appellant's designation of the contents for inclusion in the record on appeal of this Court's Order of August 6, 1981. Considering the terms of Rule 806 of the Rules of Bankruptcy Procedure, the cases construing its provisions, and the relevant history of the rule, it is the decision of this Court that the objection is without merit and should be overruled.

Rule 806 of the Rules of Bankruptcy Procedure provides as follows:

Within 10 days after filing the notice of appeal the appellant shall file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on the appeal. The record shall include the contents so designated and the findings of fact, conclusions of law, and orders entered thereon. If the appellee deems any other papers to be necessary, he shall, within 7 days after the service of the statement of the appellant, file and serve on the appellant a designation of additional papers to be included. If the record designated by any party includes a transcript of any proceeding or a part thereof, he shall immediately after the designation order the transcript and make satisfactory arrangements for payment of its costs. All parties shall take any other action necessary to enable the referee to assemble and transmit the record.

Accordingly, appellant has designated 10 items for inclusion in the record on appeal. These items were designated as applying to both the July 31, 1981 Order of this Court requiring the Debtor to post an indemnity bond and the August 6, 1981 Order on failure of Debtor to post the required bond. Appellee objects to most of the contents of the record so designated, with the exception of the August 6, 1981 order itself and the notice of appeal to the District Court, on the grounds that they apply only to this Court's Order of July 31, 1981, and are therefore irrelevant to the Order of August 6, 1981. There is nothing in the express language of Rule 806 however, its history, or in cases construing its provisions, that supports appellee's grounds for exclusion.

Rule 806 provides that "[t]he record shall include *the contents so designated* and the findings of fact, conclusions of law, and orders entered thereon." (Emphasis added). If, however, as has been done in this case, "the appellee deems any other papers to be necessary, he shall, within 7 days after the service of the statement of the appellant, file and serve upon the appellant a designation of additional papers to be included."

The relevant history of Rule 806 supports the conclusion that it was meant to afford the litigants broad discretion in designating the record on appeal. As one commentator noted:

Since Rule 806 is new, we must look to the practice and decisions under Rule 10, F.R.A.P. for guidelines to understand Rule 806. Under Rule 10(a), F.R.A.P., the record on appeal consists of the original papers and exhibits filed in the district court, plus the entire transcript of proceedings, unless only a portion of the transcript is designated. This means that all pleadings, process and proof of service, motions, supporting papers, orders in response thereto, instructions to the jury, verdict or findings of fact and conclusions of law, together with any direction for entry of judgment, the opinion, the judgment and the notice of appeal are all part of the record on appeal. *The only test of*

*whether a paper is part of a record is whether it was filed in the district court.* (Emphasis added) (Footnote omitted).

*13 Collier on Bankruptcy,* ¶ 806.04, page 8–64 (14th ed. 1977).

Thus, in *Genz v. Hallmark Cards, Inc. (In re Silverman),* 6 B.R. 991 (D.C.N.J.1980), the District Court upheld objections by the Trustee in Bankruptcy to an affidavit submitted for consideration on review, supplementing information contained in the record, since it was not before the Bankruptcy Court at the original hearing. In a similar case, a district court found a proposed solicitation letter by objecting debentureholders to other holders of debentures to be an inappropriate attempt to expand the record on appeal and, therefore violative of Rule 806 since, by previous order, the trustee was prohibited from disseminating the letter pending appeal of an approved offer of compromise and settlement. *In re W. T. Grant Co.,* 6 B.R. 762 (Bkrtcy.S.D.N.Y.1980).

This Court, in *In re Red Line Express, Inc.,* No. B76–1171, held that a document, not a part of the record of the case until after the time that an order appealed from was entered, should not be considered nor made a part of the record on appeal.

Appellee is concerned that appellant's method of designating the record, which lists items applying to appeals of both the July 31, 1981 and August 6, 1981 Orders in a single designation, will have the effect of bringing before the District Court indirectly that which is not appropriately before the Court.

Indeed, by previous order of this Court entered on September 3, 1981, the Order of July 31, 1981 was held to be final under Rule 803 since no timely notice of appeal of the latter order had been taken. Furthermore, the failure to file timely notice of appeal deprives the District Court of jurisdiction to review this Court's July 31, 1981 order. *In re Martin,* 573 F.2d 958 (6th Cir. 1978).

The record on appeal, however, should contain the documentation necessary to afford the reviewing court a complete understanding of the case. See *Landmark Finance Corporation v. Cox,* 2 B.R. 739 (D.C.S.D.Ga.1980). The factual circumstances underlying the issuance of the order in question are undeniably interrelated. It should be, and is then, within the interpretation of the Rules that a reviewing court can have documentation of decisions before it which, although not subject to review, are necessary to a complete understanding of the case.

In sum, Rule 806 provides that the record on appeal is that as designated by the parties. Although the parties are precluded from submitting matters outside the record, either because it was not before the court making the initial decision or is an attempt to expand the record on appeal, it should be liberally construed to allow the litigants the opportunity to provide the reviewing court a complete record upon which to base its decision. See generally *In re W. T. Grant Company,* 432 F.Supp. 105 (S.D.N.Y.1977). In any case, since the District Court is unquestionably capable of understanding that its decision-making power is limited to matters properly within its jurisdiction, the appellee's fear of an indirect appeal of an order not properly before the District Court is unfounded.

In view of the foregoing; it is,

ORDERED that appellee's motion objecting to appellant's designation of the record on appeal be, and hereby is, overruled.