49671. HINSLEY v. LIBERTY LOAN CORPORATION.

CLARK, Judge.

Once again this court is called upon to decide if the language of a promissory note evidencing a loan made

under the Georgia Industrial Loan Act of 1955 (Code Ann. Ch. 25-3) invalidates the loan contract. Some of these previous decisions in which the attorneys now representing the appellants have prevailed in behalf of their borrower clients are *Lewis v. Termplan, Bolton,* 124 Ga. App. 507 (184 SE2d 473), *Abrams v. Commercial Credit Plan,* 128 Ga. App. 520 (197 SE2d 384), *Patman v. General Finance Corp.,* 128 Ga. 836 (198 SE2d 371), *Garrett v. G.A.C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717) and *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110). As in *Patman* and *Lawrimore,* the borrower here seeks to set aside a default judgment on the ground that the loan agreement attached to the complaint as an exhibit shows on the face the statute to have been violated; and that the pleadings "affirmatively show that no claim in fact existed." Code Ann. § 81A-160 (d).

1. The loan agreement here is similar in language to those ruled invalid by this court in *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96, supra, aff'd., 232 Ga. 637, and *Hardy v. G.A.C. Finance Corp.,* 131 Ga. App. 282 (205 SE2d 526), aff'd., 232 Ga. 632. Its verbiage falls squarely within the *verboten* provision which Justice Hall stated in the Supreme Court ruling on certiorari affirming our *Hardy* decision: "[T]he note showed on its face that [lender] had sought to contract in the event of default by the debtor for the acceleration of all remaining instalments including earned and *unearned* interest." Thus, the loan agreement here must be held to be null and void because it is violative of the Industrial Loan Act.

2. "Having held that the contract is void for the reasons given, it is unnecessary to determine whether it may be void for other reasons." *Lawrimore v. Sun Finance Co.,* supra. Therefore, we do not deal with the other attacks by appellant-borrower.

3. Where a violation of the Industrial Loan Act appears on the face of the record, it is error to deny a motion to set aside the judgment. *Lewis v. Termplan, Bolton,* 124 Ga. App. 507 supra; *Patman v. General Finance Corp.,* 128 Ga. App. 836, 837, supra; *Lawrimore v. Sun Finance Co.,* supra, *Hardy v. G. A. C. Finance Corp.,* supra.

4. Lender contends the motion to set aside the

judgment was properly overruled because the principal amount of the loan might have been recovered in an action for money had and received. (See *Hodges v. Community Loan &c. Corp.,* 133 Ga. App. 336, wherein this court ruled an Industrial Loan Act lender may recover the principal amount advanced borrower pursuant to an action for money had and received even though the loan contract between the lender and borrower is void under the terms of the Act.) The status of the record in the instant appeal requires us to rule adversely to this contention. It shows the judgment was based solely on the express contract which we have ruled to be a nullity because it is violative of the Industrial Loan Act.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 23, 1974.

*Leah Wortham,* for appellant.
*James O. Goggins,* for appellee.