### 33853. SCOGGINS et al. v. WHITFIELD FINANCE COMPANY.

BOWLES, Justice.

This appeal is from an order granting summary judgment to the appellee on two promissory notes executed by appellants.

The appellee finance company filed suit against appellants contending that appellants were indebted to it on two promissory notes. Appellants admitted executing the notes, but denied any indebtedness thereunder, claiming that appellee was receiving usurious interest on the two notes. Appellants also contended that the Georgia Industrial Loan Act is unconstitutional because it gives the commissioner rule making authority.

Appellee filed a motion for summary judgment,

asserting that it was entitled to recover under Code Ann. § 109A-3—307, as the signature on the notes was admitted and no proper defenses were established. The trial court granted the motion, without specifically ruling on appellants' constitutional challenge.

1. In their answer to appellee's complaint and on appeal, appellants allege that a portion of the Industrial Loan Act, Code Ann. § 25-306 (a), which gives the Georgia Industrial Loan Commissioner the power to make rules and regulations to accomplish the purpose and objectives of the chapter, is violative of Art. III, Sec. I, Par. I (Code Ann. § 2-701) of the State Constitution, which vests all legislative powers in the General Assembly. We find no merit in this argument.

The commissioner is not granted unlimited authority to promulgate rules. Such rules must be necessary and appropriate, and not inconsistent with the terms of the chapter or any other applicable statutes.

It has often been held that the constitutional restriction on delegation of legislative powers does not prevent the grant of legislative authority to some ministerial officer, board or other tribunal to adopt rules, by-laws, or other ordinances for its government, or to carry out a particular purpose. "Thus, while it is necessary that a law, when it comes from the lawmaking power shall be complete, still there are many matters as to methods or details which the legislature may refer to some designated ministerial officer or board." *Bohannan v. Duncan,* 185 Ga. 840 (3) (196 SE2d 897) (1938). See also *Pearle Optical v. State Bd. of Examiners,* 219 Ga. 364 (4) (133 SE2d 374) (1963) and cits.; *City of Calhoun v. North Ga. Elec. Membership Corp.,* 233 Ga. 759, 769 (213 SE2d 596) (1975).

Appellants' constitutional challenge presents no grounds for reversal.

2. Appellee, in its complaint, alleged that it was duly licensed under the Georgia Industrial Loan Act, and that the notes sued upon were made under the provisions of and in compliance with that Act. Appellants denied this allegation.

"The law is clear that there can be no recovery upon an obligation incurred under the Industrial Loan Act

without proof that the obligee in the note sued upon was duly licensed at the time the obligation was incurred." *Household Fin. Corp. v. Johnson,* 119 Ga. App. 49 (165 SE2d 864) (1969). "At whatever stage of the proceedings it appears that the plaintiff is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such a license at the time the contract was entered into in order to authorize a recovery." *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899) (1973).

On motion for summary judgment the burden was on appellee to prove that it was licensed under the Georgia Industrial Loan Act at the time the notes were executed. The licensing was not admitted by appellants, nor was it proven by appellee. Therefore, this issue remained unresolved, and it was error for the trial court to grant appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 21, 1978 — DECIDED OCTOBER 24, 1978.

*Edge & Edge, John D. Edge,* for appellants.
*Henry C. Tharpe, Jr., Telford, Stewart & Stephens, William M. House,* for appellee.