## 35238. WISE v. GEORGIA STATE BOARD FOR EXAMINATION, QUALIFICATION AND REGISTRATION OF ARCHITECTS et al.

PER CURIAM.

John R. Wise filed an action against the Georgia State Board for Examination, Qualification and Registration of Architects and James E. Skrine in his official capacity as joint secretary of the board (hereinafter "the State"), seeking a declaration that those portions of Code § 84-303 (b) which require that he have and possess a "Council Certificate" from the National Council of Architectural Review Boards (hereinafter "NCARB") prior to registration by reciprocity to practice architecture in Georgia be declared null and void as applied to him. NCARB was added as a party by order of the trial court, and Wise amended his complaint demanding in Count 1 that NCARB be compelled to issue to him a "Council Certificate" and demanding in Count 2 $50,000 damages from NCARB for alleged interference with his employment, career and prospective business advantage. The trial court issued two orders dated January 3, 1979, and entered January 9, 1979, sustaining for unstated reasons NCARB's motion to dismiss as to Counts 1 and 2 of Wise's complaint. Wise appeals.

The orders sought to be appealed are not "final" within the meaning of Code Ann. § 6-701 (a) 1 because the cause against the state still is pending in the court below. "The entry of a judgment as to one or more but fewer than all of the claims *or parties* is *not a final judgment under Code Ann. § 6-701 (a) 1* and lacks res judicata effect unless the trial court make an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists. Code Ann. § 81A-154 (b); *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6) (1974); 10 Wright & Miller, Federal Practice and Procedure: Civil, p. 90, § 2661 (1973)." (Emphasis supplied.) *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, 243 (248 SE2d 641) (1978). No certification has been obtained from the trial court pursuant to Code Ann. § 6-701 (a) 2 (A). Neither has application been made to this court pursuant to Code Ann. § 6-701 (a) 2. The orders

sought to be appealed do not fall within any of the enumerated exceptions set forth in Code Ann. § 6-701 (a) 3. so as to be appealable despite lack of finality and lack of certification and application. Neither does the record contain a determination and direction of the trial court pursuant to Code Ann. § 81A-154 (b) in this multiparty, multiclaim litigation. Cf. *Ga. Farm Bureau Mut. Ins. Co. v. Wall,* 242 Ga. 176 (249 SE2d 588) (1978). The appeal must be dismissed. *Duvall v. Baker,* 244 Ga. 228 (1979).

*Appeal dismissed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED SEPTEMBER 26, 1979 — REHEARING DENIED OCTOBER 16, 1979.

*Trotter, Bondurant, Griffin, Miller & Hishon, Luther P. Cochrane, John F. Elger,* for appellant.

*King & Spalding, Joseph R. Bankoff, Mary Ann Wooten, Arthur K. Bolton, Attorney General,* for appellees.