58792. SHELLEY v. LIBERTY LOAN CORPORATION.

QUILLIAN, Presiding Judge.

This is an appeal from a denial of a motion to set aside a default judgment in an action for nonpayment of a note. *Held:*

1. The pleading consisted of a complaint demanding

judgment for the balance on the note and stated that a copy of the note was attached. However, attached instead of the note was a copy of an executed loan disclosure statement and voucher form apparently relating to the loan for which the note was made. Appellant's third enumeration claims that the trial court erred in finding there was not a nonamendable defect in the pleadings when the loan disclosure statement attached to the complaint showed a violation of the Industrial Loan Act, Code Ann. § 25-301. Appellee is a licensee under said Act.

Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) states: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings ... it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed."

Despite appellee's contention that there is nothing in the record which indicates the disclosure statement was for the note on which suit was brought, the complaint and statement speak for themselves. The lender's and borrower's names and addresses are identical, the alleged date of the note in the complaint and the loan described in the statement is January 6, 1978, and the amount demanded in the complaint appears to be what would be due if but one payment had been made on the loan described in the statement. In addition, having pleaded the document upon which appellant relies, appellee cannot now complain it has nothing to do with the case. We find that the disclosure statement does pertain to the note being sued upon. The disclosure statement shows that the loan prepaid finance charge fee authorized by Code Ann. § 25-315 (b) (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394; 1977, p. 288) is $94.08 derived from a computational base of $1,752. This was not the correct computational base, however, as it included the $94.08 fee. The correct base should have been $1,657.92 for which a prepaid finance charge of only $90.32 was authorized. "Including the interest in the computational base used to calculate the loan fee resulted in a fee in

excess of that permitted by the Industrial Loan Act." *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401, 404 (240 SE2d 922). "Where a violation of the Industrial Loan Act appears on the face of the record, it is error to deny a motion to set aside the judgment. [Cits.]" *Hinsley v. Liberty Loan Corp.,* 133 Ga. App. 344 (3) (211 SE2d 3). Accordingly, the trial court erred in denying the motion to set aside the default judgment.

2. In view of the foregoing ruling, the remaining enumerations need not be addressed.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED JANUARY 10, 1980.

*Edmund A. Waller,* for appellant.
*B. Andrew Prince,* for appellee.