60214. WIMBUSH v. FAYETTE FINANCE COMPANY.

SMITH, Judge.

Appellee brought an action on a loan contract. Thereafter, by agreement of the parties, a consent judgment was entered. Appellant then filed a motion to set aside the judgment, alleging that the loan contract was null and void under the Georgia Industrial Loan Act (Ga. L. 1955, p. 431, as amended (Code Ann. § 25-301 et seq.)). The trial court denied the motion, and appellant brings this appeal. We affirm.

In *Hinsley v. Liberty Loan Corp.,* 133 Ga. App. 344, 345 (211 SE2d 3) (1974), this court held as follows: "Where a violation of the Industrial Loan Act appears on the face of the record, it is error to deny a motion to set aside the judgment. [Cits.]" See *Shelley v. Liberty Loan Corp.,* 153 Ga. App. 47 (264 SE2d 537) (1980). Appellant contends this holding is applicable to the instant case. We disagree.

In our view, appellant's consent to the judgment renders the asserted defects in the loan contract superfluous. " 'Consent cures all error, not going to the jurisdiction of the court . . .' 34 C. J. 132, § 332." *Estes v. Estes,* 192 Ga. 94, 98 (14 SE2d 681) (1941); *Fowler v. Fowler,* 206 Ga. 542, 543 (57 SE2d 593) (1950). The jurisdiction of the trial court has not been challenged in the instant case.

In *Burch v. Dodge County,* 193 Ga. 890 (20 SE2d 428) (1942), the Georgia Supreme Court affirmed the trial court's denial of a motion to set aside an equitable decree, holding that the asserted errors on the face of the record did not render the judgment subject to a motion to set aside. The court added: "Moreover, *irrespective of the preceding rulings,* it appears that the equitable decree now sought to be set aside was entered upon the written consent of counsel on both sides. This being the case, the decree will be given force and effect in the absence of a showing that it was rendered through fraud, accident, or mistake, none of which appears. *Goolsby v. Goolsby,* 146

Ga. 763, 766 (92 SE 521); *Howell v. Howell,* 188 Ga. 803, 805 (4 SE2d 835), and cit." (Emphasis supplied.) Id. at 891. We believe this ruling controls the case at bar. Accordingly, the judgment is affirmed.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 1, 1980 — DECIDED NOVEMBER 19, 1980.

*Ralph Goldberg,* for appellant.
*Raymond J. Peery, Brenda G. Holbert,* for appellee.