## 36847. WISE v. STATE BOARD FOR EXAMINATION, QUALIFICATION & REGISTRATION OF ARCHITECTS et al.

MARSHALL, Justice.

John R. Wise filed an action for declaratory judgment, mandamus, and injunctive relief, seeking to compel the defendants — the State Board for Examination, Qualification & Registration of Architects ("state board"); the secretary of the board; and the National Council of Architectural Registration Boards ("NCARB") — to accept his past work experience and credentials, which would ultimately enable him to obtain a license to practice as an architect in the State of Georgia.

The plaintiff is an architect licensed in Illinois and currently working for Bank Building and Equipment Corp. ("Bank Building") in Atlanta, Ga. For purposes of this lawsuit, Bank Building is a general contractor in construction, and known in the trade as a "design/build" firm, which utilizes architects in both phases of designing and building structures.

Defendant NCARB is a non-profit corporation whose membership consists of architectural registration boards of all 50 states, and the defendant state board is one of its members. One of the functions of NCARB is to standardize licensure requirements throughout the United States in an effort to facilitate reciprocity. Council certificates are issued to those individuals who meet the minimal standards established by NCARB, and this certificate would enable the architect to practice in Georgia without the necessity of taking a licensure examination.

NCARB has for many years required that applicants for council certificates have at least three years of diversified practical experience in the offices of a registered architect, and it has limited the credit given for experience with general contractors. NCARB has prescribed a maximum experience credit of two years for employment by "design/build" firms, and, thus, the plaintiff was not eligible for a council certificate, and was refused a certificate in 1974.

The plaintiff applied for a license by reciprocity in Georgia based upon his Illinois license. However, Georgia law requires an applicant to either submit a council certificate from NCARB or demonstrate sufficient credentials, i.e., a diploma from an architectural school and at least three years' experience which the state board deems acceptable by rules and regulations. Code Ann. § 84-303 (a) (Ga. L. 1974, pp. 162, 165). Under the rules of the board, the plaintiff is permitted a maximum experience credit of two years, since the plaintiff has worked exclusively for a general contractor (category F-12 from the Table of Equivalents for Academic Training

and Practical Experience). Based upon this shortage of acceptable practical experience and a lack of a council certificate, the plaintiff was denied a license by the state board.

The plaintiff sought to have the court declare the above standard unconstitutional and to compel both defendants to either issue a council certificate or a license to the plaintiff. Count 2 of the amended complaint sought damages from defendant NCARB for its alleged "arbitrary, unreasonable and tortious interference with plaintiff's employment, career and prospective business advantage."

The trial judge granted defendant NCARB's motion to dismiss as to Counts 1 and 2, and dismissed Count 1 as to the state board and its secretary. From these judgments, the plaintiff appeals.[1]

1. Enumerated error 1 is the dismissal of Count 1 as to the board and its secretary.

"It has often been held that the constitutional restriction on delegation of legislative powers does not prevent the grant of legislative authority to some ministerial officer, board or other tribunal to adopt rules, by-laws, or other ordinances for its government, or to carry out a particular purpose. 'Thus, while it is necessary that a law, when it comes from the lawmaking power shall be complete, still there are many matters as to methods or details which the legislature may refer to some designated ministerial officer or board.' [Cits.]" *Scroggins v. Whitfield Finance Co.,* 242 Ga. 416 (1) (249 SE2d 222) (1978). Code Ann. § 84-304 is not unconstitutional on the grounds of its delegation of legislative authority to defendants state board and NCARB.

"The legislature has the right in the exercise of the police power of the State to determine what trades or occupations shall be regulated, and the nature and extent of the regulations to be applied, and if such regulation be reasonable, and the law operates alike on all who come within the scope of its provisions, constitutional uniformity is secured." *Lamons v. Yarbrough,* 206 Ga. 50 (3) (55 SE2d 551) (1949). The trial judge was authorized in holding that the requirement, that an architect working for a "design/build" firm must obtain some full-time experience working for an independent architect, can not be said to be unreasonable. The job of an architect is to ensure that his plans are followed precisely, irrespective of the additional cost to the contractor. In many respects, the architect is seen as an antagonist to the contractor, as the contractor is seeking the maximum profit, while the architect is seeking the best final product possible. Individuals working in the setting of a

---

[1] A previous appeal was dismissed. 244 Ga. 449 (260 SE2d 477) (1979).

"design/build" firm, experience a constant conflict of interests not normally present in the setting of an independent architect. Thus, the experience requirement in question is rationally related to the legitimate state interest of ensuring that all licensed architects are properly qualified and will competently practice in the interest of the public health, safety and welfare.

The appellant argues that the effect of this statute and the regulation promulgated thereunder will be to deprive him of his ability to be licensed in Georgia as long as he is employed by Bank Building. While this may be true, this fact alone does not invalidate either the statute or the regulation. Since there is a reasonable basis for the regulation issued by the board in the exercise of the power conferred upon it by the legislature, we would not be authorized to substitute our judgment for that of the state board and invalidate the regulation on the ground that some other method for earning the required experience for licensure would be equally as satisfactory in result, even if we were of that opinion. See Duggins v. North Carolina State Bd. of CPA Examiners, 294 N. C. 120 (240 SE2d 406) (1978). The evidence here fails to sustain the contention of the equality of experience in the appellant's present employment with that obtainable in the employ of an independent architect. Code Ann. § 84-303 provides for alternative methods of licensure, and the appellant has been on notice of its requirements and the NCARB rules at least since the enactment of the statute in 1974.

Nor does the evidence sustain the appellant's equal-protection claim based upon the licensure of a Mr. David Whitfield, who allegedly possessed qualifications similar to the appellant's. The record shows that Mr. Whitfield not only had 11 years' experience with Bank Building (as compared with the appellant's eight years), but also had the experience of 16 months' work under an independent architectural firm. Furthermore, the board's rules requiring the outside experience had not been adopted at the time Mr. Whitfield applied for a license. There is no evidence that all applicants for licensure have not been treated identically with respect to the requirements of experience.

The prayer for the writ of mandamus was properly denied, as the board is not authorized by law to grant the appellant a license. See *Skrine v. Kim,* 242 Ga. 185 (249 SE2d 534) (1978). The allegations of Count 1 having failed to state a claim for the relief sought, dismissal of that count as to the board was not error.

2. Enumerated error 2 is the dismissal of Count 1 as to NCARB. The order of dismissal does not specify the grounds therefor. The motion to dismiss was made upon four grounds, among which was lack of personal jurisdiction. This was the sole ground briefed and

argued by the parties.

The contended basis for jurisdiction of NCARB is Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444), the "Long Arm" statute. In support of his contention of jurisdiction under this statute, the appellant urges the following transactions of NCARB, which allegedly comprise the "minimum contacts with this state" required by the statute. (See *Davis Metals v. Allen,* 230 Ga. 623 (198 SE2d 285) (1973)). NCARB is a non-profit corporation, incorporated under the laws of Iowa, with its principal place of business in Washington, D. C. The defendant state board is a member of NCARB. One of the directors of NCARB is a resident of Georgia. NCARB prepares and sells the examinations to be given to applicants for architectural registration in Georgia, and is paid for such activity. NCARB pursues its primary business (the regulation of the practice of architecture through certification of records for registration) within Georgia by the use of national examinations and the evaluation of applicants for council certificates. The appellant's application for a council certificate was considered and evaluated by NCARB, for its services in connection with which it solicited and received compensation. Such business transactions between NCARB and architects residing in Georgia are required by Georgia statutes, and the fees received by NCARB for this service are solicited from Georgia residents. Since 1969, the State of Georgia, through the defendant state board, has been billed for and has paid to NCARB more than $60,000 in membership dues and fees for NCARB examinations. Representatives and members of NCARB allegedly have lobbied in the Georgia legislature for the passage of the present legislation incorporating NCARB guidelines and standards for the evaluation of applicants for reciprocal registration. This alleged lobbying was in furtherance of NCARB's avowed purpose to "foster the enactment of uniform laws pertaining to the practice of architecture," and has allegedly caused NCARB to become "an integral part of the Georgia architectural licensing scheme."

We hold that the above alleged contacts are not sufficient to constitute the basis for long-arm jurisdiction of NCARB in this state. The only alleged transaction between the appellant and NCARB — his application for council certification — was initiated by the appellant by mail or telephone, and NCARB's only "purposeful acts" were performed at its Washington, D. C., offices, with the results communicated to the appellant by mail. Mere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the "Long Arm" statute. E.g., *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437) (1974). NCARB's

contacts in this state were only generally connected with the appellant's claim. Cf., Manton v. California Sports, Inc., 493 FSupp. 496, 498 (N. D. Ga. 1980). "The corporate personality is a legal fiction, and a corporate 'act,' 'contact,' or 'presence' may be consummated only through personnel authorized to act for it . . . ' "Presence" in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on . . . ' " Hollingsworth v. Cunard Line Ltd., 152 Ga. App. 509, 514 (263 SE2d 190) (1979) and cit. The residence in this state of a director of NCARB is not alone a basis for jurisdiction. Davis v. Haupt Bros. Gas Co., 131 Ga. App. 628 (206 SE2d 598) (1974). The presence in Georgia of the defendant state board does not confer personal jurisdiction over NCARB. Even if the board were a creature of the NCARB, the mere residence of a subsidiary or affiliate does not, without more, establish the residence of the parent organization. E.g., Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 336-337 (45 SC 250, 69 LE 634) (1925). The activities of NCARB in connection with the enactment of the legislation in question were limited to its counsel's (a Massachusetts resident) furnishing by mail requested information and advice pertinent to the proposed legislation (which advice was subsequently rejected by the General Assembly in favor of a more restrictive provision).

Furthermore, under the holding quoted in Hollingsworth, 152 Ga. App. 509, 514, supra, and the language of § 24-113.1, the activities of the corporation must also give rise to the cause of action, or liabilities, sued on. We have held in Division 1, supra, that the regulation in question was reasonable, for a legitimate purpose, and applied without discrimination. The granting of a council certificate by the NCARB is a discretionary act, subject to its reasonable rules. Hence, even if NCARB be considered to be within the jurisdiction of the Georgia court, that defendant's activities were not actionable with reference to the allegations and prayers of Count 1. Dismissal of Count 1 as to NCARB was not error.

3. Enumerated error 3 is the dismissal of Count 2 as to NCARB. This judgment was proper on the ground of lack of personal jurisdiction of that defendant, as was held in Division 2, supra.

Even if jurisdiction be assumed, moreover, dismissal of this count was correct based upon failure to state a claim. "This state recognizes a cause of action where one maliciously and wrongfully, and with intent to injure, harms the business of another. Dale v. City Plumbing &c. Co., 112 Ga. App. 723 (2) (146 SE2d 349) (1965). 'The act is malicious when the thing done is with the knowledge of the plaintiff's rights, and with the intent to interfere therewith.'

*Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509, 519 (50 SE 353) (1905). 'The essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other.' Restatement, Second, Torts § 766, p. 11, h." *Bodge v. Salesworld, Inc.,* 154 Ga. App. 65, 66 (267 SE2d 505) (1980). The record here shows that the appellant himself initiated the "interference" about which he complains, by requesting NCARB's services (certification). NCARB merely impartially applied pre-existing rules of general application, determined that the appellant was not eligible for certification, and notified him by mail that his request was rejected. There is nothing in the record to indicate that NCARB even knew what effect its rejection would have on the appellant, much less to show the requisite malice and intent to injure. We have already decided that the regulation is reasonable and serves to implement a legitimate public interest. The very nature of legislative standards governing the practice of trades and professions necessarily involves discrimination and exclusion of those whose qualifications do not meet the criteria.

Dismissal of Count 2 as to NCARB was not error.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., Hill, P. J., and Clarke, J., who concur in the judgment only as to Division 2, and Smith, J., who concurs specially. Gregory, J., not participating.*

DECIDED FEBRUARY 11, 1981 —
REHEARING DENIED MARCH 3, 1981.

*Griffin, Cochrane & Marshall, Luther P. Cochrane, John F. Elger,* for appellant.

*King & Spalding, Joseph R. Bankoff, R. Marcus Lodge, Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General, Hill & Barlow, Timothy J. Dacey,* for appellees.

SMITH, Justice, concurring specially.

I agree with the judgment of affirmance, but disagree with Division 2 of the majority opinion insofar as it holds that the "alleged contacts are not sufficient to constitute the basis for long-arm jurisdiction of NCARB in this state." In my view, NCARB's contacts with Georgia, as set forth in the majority opinion, amply satisfy both the "transacts any business" requirement of the Long Arm Statute and the "minimum contacts" requirement mandated by the due process clause. See Hanson v. Denckla, 357 U. S. 235 (78 SC 1228, 2

LE2d 1283) (1958) and McGee v. International Life Ins. Co. 355 U. S. 220 (78 SC 199, 2 LE2d 223) (1957).

In support of its conclusion that this state lacks jurisdiction over NCARB, the majority emphasizes that appellant contacted NCARB by mail and telephone, that NCARB's "purposeful acts" were performed at its Washington, D. C. offices, and that NCARB's contacts with Georgia were "only generally connected with the appellant's claim." The majority relies primarily on *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437) (1974). *Jonas,* however, is clearly distinguishable from the instant case. In *Jonas,* telephone and mail purchase orders originating *outside* Georgia and the shipping of goods *from* Georgia to the nonresident purchasers (who had no other contacts with Georgia except some visits to the manufacturing plant) were insufficient to establish this state's long arm jurisdiction over the nonresidents in a suit concerning payment for the goods. The instant case, however, presents the factual converse of *Jonas.* Here, NCARB purposefully avails itself of the opportunity to issue certificates to Georgia architects and solicits and receives compensation for this service. Appellant's claim arises directly from this certification process. Clearly these contacts with Georgia are sufficient to establish long arm jurisdiction over NCARB. See *J. C. Penny Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145) (1973).

I recognize that *Malouf* is factually distinguishable from the instant case in that it involved the shipment of tangible products "in the stream of commerce" to Georgia. However, I do not believe this factual dissimilarity leads to a different result. Although NCARB's certification process may be considered "intangible," it is nonetheless purposeful activity within the Georgia forum (Hanson, supra, at 253. Cf. Shaffer v. Heitner, 433 U. S. 186, 216 (97 SC 2569, 53 LE2d 683) (1977)), and appellant's cause of action directly arises from that activity. See McGee, supra. Cf. Rush v. Savchuk, 444 U. S. 320 (100 SC 571, 62 LE2d 516) (1980) and Shaffer, supra, at 214.