### 61564. LEE et al. v. BENEFICIAL FINANCE CO. OF GEORGIA.

CARLEY, Judge.
Appellee-Beneficial Finance Co. of Georgia (Beneficial) filed a petition for declaratory judgment, alleging that it was "a corporation licensed to make loans under the provisions of the Georgia Industrial Loan Act" (GILA) and that a "Promissory Note [executed on July 29, 1979 by Ronald J. Lee and Beverly Lee (appellants)] was made under the provisions of the GILA." The petition further alleged that appellants had asserted the promissory note to be null and void and had "demanded, pursuant to the provisions of Ga. Code Ann. § 109A-9—404 and Ga. Code Ann. § 67-2902, the release of [appellants] and the cancellation of said Promissory Note within the

time periods established by said provisions of law, otherwise [appellants] would seek the sanctions therein provided, including monetary penalties and attorneys' fees." On these allegations Beneficial prayed "[t]hat the Court enter a Declaratory Judgment in favor of [Beneficial] declaring that said Promissory Note is valid and enforceable under the laws of Georgia, including the [GILA]."

Appellants answered the petition and denied Beneficial's allegation that it was licensed under the GILA. The answer admitted, however, the allegation concerning appellants' assertion that the note was null and void.

The case then proceeded to the discovery stage and, subsequently, both parties moved for summary judgment. A hearing was held and the trial court granted Beneficial's motion and denied the motion filed on behalf of appellants. Appellants appeal from this order, urging error only in the grant of summary judgment to Beneficial.

1. The first issue presented for resolution is whether the trial court erred in declaring this promissory note, which was repayable over a period greater than eighteen months, to be "valid" under the GILA. Resolution of this issue requires that we once again construe the meaning of "face amount of the contract" (FAC) as that phrase is used in Code Ann. § 25-315 (b). That statute provides that a licensee under the GILA may "charge, contract for, receive or collect at the time the loan is made, a fee in an amount not greater than eight per cent. of the first $600 of the face amount of the contract, plus four per cent. of the excess . . ." Citing *Shelley v. Liberty Loan Corp.,* 153 Ga. App. 47 (264 SE2d 537) (1980), appellants contend that the loan fee charged them was in violation of Code Ann. § 25-315 (b) because it was computed by using as the base FAC figure an amount which included as an element thereof the purported loan fee itself. In short, appellants argue that FAC in Code Ann. § 25-315 (b) means the total payback figure of the loan minus *both* interest and *the loan fee.* By way of illustration, Beneficial calculated the loan fee of $142.45 charged appellants in the following manner:

| | |
|---|---|
| Total Payback Figure | $3744.00 |
| Interest | − 710.71 |
| | 3033.29 |
| Maintenance Charge | − 72.00 |
| FAC | $2961.29 |
| | |
| 8% of $600 | $48.00 |
| 4% of $2361.29 | 94.45 |
| Total Loan Fee | $142.45 |

See *Carter v. Swift Loan & Finance,* 148 Ga. App. 358 (251 SE2d 379)

(1978). Appellants, on the other hand, contend that the loan fee should have been calculated in the following manner:

| | |
|---|---|
| FAC under § 25-315 (a) | $2961.29 |
| Loan Fee | − 142.45 |
| FAC under § 25-315 (b) | $2818.84 |

| | |
|---|---|
| 8% of $600 | $48.00 |
| 4% of $2218.84 | 88.75 |
| Loan Fee under § 25-315 (b) | $136.75 |

See *Shelley v. Liberty Loan Corp.,* 153 Ga. App. 47, supra.

The meaning of FAC as that phrase is used in Code Ann. § 25-315 (b) relating to the loan fee was first specifically addressed in *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401 (240 SE2d 922) (1977). It was there held that FAC has the same meaning in both subsections (a) and (b) of Code Ann. § 25-315, "the amount necessary for a borrower to borrow in order to obtain the amount desired." *Peppers,* 144 Ga. App. at 404, supra. FAC in § 25-315 (b) as thus defined will equal the total payback figure of the loan " 'only for discount loans [repayable in 18 months or less], in which both principal and interest are borrowed. For nondiscount loans, the interest itself is not borrowed, and thus the "amount borrowed" equals the total payback figure minus interest . . . "[A]mount borrowed" seems especially suitable as the computational base for the loan fee, since this fee is a front-end charge for *making* the loan . . . and thus relates to the amount of money originally considered as "borrowed," rather than the amount of money that is ultimately paid back.' " *Peppers,* 144 Ga. App. at 403, supra. It is thus readily seen that whether a constituent element of the final payback figure is an element of FAC defined in *Peppers* as the "amount borrowed" is determined by whether that element is "discounted" or deducted in advance. " '[A] discount . . . means, . . ., a deduction or drawback made upon . . . advances or loans of money, upon negotiable paper, or other evidences of debt, payable at a future day . . .' " *Cooper v. National Bank,* 21 Ga. App. 356, 361 (94 SE 611) (1917). Therefore, if interest on a GILA loan of 18 months or less is discounted or deducted in advance and it therefore becomes necessary for the debtor to "borrow" the discounted interest in order to obtain the total amount he desires in hand, the amount of that discounted interest becomes an element of the computational FAC base from which the interest under Code Ann. § 25-315 (a), *Robbins v. Welfare Fin. Corp.,* 95 Ga. App. 90 (96 SE2d 892) (1957), and the loan fee under Code Ann. § 25-315 (b) are derived. *Peppers,* 144 Ga. App. 401, supra. On the other hand, interest on a GILA loan of greater than 18 months is not discounted and it is therefore not necessary for the debtor to borrow

the nondiscounted interest in order to obtain the amount he desires in hand; thus, the amount of that nondiscounted interest does not become an element of the computational FAC base from which either the interest, *McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361 (2) (154 SE2d 825) (1967), or the loan fee is calculated. *Peppers,* 144 Ga. App. 401, supra. *Carter v. Swift Loan & Fin. Co.,* 148 Ga. App. 358, supra, stands for the proposition that the maintenance charge under Code Ann. § 25-315 (e) "for each month in the term of the loan contract" is not a discountable element which can be deducted in advance so as to constitute an amount which the debtor has to borrow in order to obtain the amount he desires in hand and, therefore, it does not become an element of the computational FAC base. A review of the case law demonstrates therefore that FAC may be determined by adding together the amounts of all the constituent discounted elements that the debtor must borrow in order to have the amount he desires in hand or, assuming all elements have been calculated properly, by taking the final payback figure and subtracting therefrom the amount of all the nondiscounted elements.

On this analysis it is clear that FAC as defined in *Peppers* includes the amount of the loan fee. The loan fee is discountable and payable in advance — " '[t]his fee is a front-end charge for *making* the loan . . .' " *Peppers,* 144 Ga. App. 401, 403, supra. Therefore, since the loan fee represents an amount which it is necessary for the debtor to pay "up front" in order to secure the total amount desired in hand, the loan fee is a constituent element of FAC from which the interest and the loan fee itself can be calculated. "Since the fee is for making the loan, it would be illogical to believe the lender is [compelled] to charge the fee on an amount [less] than that which was borrowed." *Peppers,* 144 Ga. App. 401, 403, supra. Appellants apparently concede that the total amount of all constituent "front-end" discounted elements, *except the loan fee,* necessary for them to obtain the total amount they desired in hand was $2818.84. Applying our analysis to this figure demonstrates that the loan fee would be calculated as follows:

| | |
|---|---:|
| 8% of $600 | $48.00 |
| 4% of $2218.84 | 88.75 |
| Total Loan Fee on $2818.84 | $136.75 |

Since it was necessary to borrow $136.75 to pay the loan fee on $2818.84, this amount must be added to the $2818.84 constant to determine the total amount it was necessary to borrow and the calculations then made on the resulting $2955.59 sum:

| | |
|---|---:|
| 8% of $600 | $48.00 |
| 4% of $2355.59 | 94.22 |
| Total Loan Fee on $2818.84 + $136.75 Loan Fee | $142.22 |

Again, since it was then necessary to borrow $142.22 to pay the loan fee on the total amount considered "borrowed" $142.22 must be added to $2818.84 and the calculations made on the resulting sum of $2961.06:

| | |
|---|---|
| 8% of $600 | $48.00 |
| 4% of $2361.06 | 94.44 |

Total Loan Fee on $2818.84 + $142.22
    Loan Fee "borrowed" to pay the
    Loan Fee                                                    $142.44

Again, $142.44 "borrowed" to pay the loan fee added to $2818.84 totals $2961.28 and using this figure in the formula gives the following result:

| | |
|---|---|
| 8% of $600 | $48.00 |
| 4% of $2361.28 | 94.45 |
| | $142.45 |

Further calculations demonstrate that $142.45 is the maximum amount it was necessary for appellants to borrow in order to pay the loan fee on $2818.84, for when that amount is added to $2818.84, the calculations on the resulting $2961.29 figure are:

| | |
|---|---|
| 8% of $600 | $ 48.00 |
| 4% of $2361.29 | 94.45 |

Total Loan Fee on $2818.84 + $142.45 Loan Fee          $142.45

Thus it was necessary for appellants to borrow a total of $142.45 to pay the loan fee on $2818.84—$136.75 to pay the loan fee on the original $2818.84 and $5.70 to pay the loan fees on the successive amounts it was necessary for appellants to borrow in order to pay the loan fees on the original $136.75 loan fee:

| | |
|---|---|
| Loan Fee on original $2818.84 | $136.75 |
| 4% Loan Fee on $136.75 borrowed to pay<br>    Loan Fee on $2818.84 | 5.47 |
| 4% Loan Fee on $5.47 borrowed to pay<br>    Loan Fee on $136.75 | .22 |
| 4% Loan Fee on $.22 borrowed to pay<br>    Loan Fee on $5.47 | .01 |
| Total Loan Fee on amount<br>borrowed to pay Loan Fees | $142.45 |

Since appellants were required to borrow a total of $142.45 to pay the loan fee on the original $2818.84 that it was necessary to borrow in order to obtain the amount desired in hand and since the $142.45 loan fee was itself a discountable "front-end" charge, the FAC or the entire amount appellants had to borrow to obtain their desired figure was $2961.29. Interest calculated on this FAC under Code Ann. § 25-315 (a) equals $710.71. The loan fee calculated

on this FAC under Code Ann. § 25-315 (b) equals $142.45. This is exactly what appellants were charged by Beneficial. The same result is reached in the instant case if FAC is defined as the final payback figure less all the nondiscounted elements of the loan:

| | |
|---|---:|
| Final Payback Figure | $3744.00 |
| Interest | − 710.71 |
| | 3033.29 |
| Maintenance Charge | − 72.00 |
| FAC | $2961.29 |

As demonstrated, the loan fee on $2961.29 is $142.45. It follows that the loan fee charged the borrowers was derived from the correct FAC computational base, the total amount of money "borrowed" from Beneficial.

This brings us to *Shelley v. Liberty Loan Corp.,* 153 Ga. App. 47, supra, relied upon by appellants. It was there held: "[T]he loan prepaid finance charge fee authorized by Code Ann. § 25-315 (b) . . . is $94.08 derived from a computational base of $1,752. This was not the correct computational base, however, as it included the $94.08 fee. The correct base should have been $1,657.92 for which a prepaid finance charge of only $90.32 was authorized. 'Including the interest in the computational base used to calculate the loan fee resulted in a fee in excess of that permitted by the Industrial Loan Act.' [*Peppers,* supra.]" *Shelley,* 153 Ga. App. 47, 48, supra.

We believe the holding in *Shelley* was correct and that the loan fee was derived from an excessive FAC computational base in violation of *Peppers.* However, we do not agree with *Shelley* insofar as it reasons that under *Peppers* the correct FAC should be derived by subtracting the amount of the loan fee from the final payback figure. *Peppers* clearly stands for the proposition that inclusion of *non-discountable interest* in the FAC computational base results in an excessive loan fee. The error in *Shelley* was in equating the *discountable loan fee,* which represents an amount the debtor must "borrow" to obtain the amount he desires, with the nondiscountable interest in *Peppers.* Therefore, the loan fee in *Shelley* was excessive under *Peppers* because it was calculated from a FAC computational base which included interest and *not* because the FAC base included the amount of the loan fee itself. As we have demonstrated above, the amount of the loan fee is an amount which the debtor must borrow to obtain the sum he desires and, under *Peppers,* is included in the definition of FAC under *both* subsections (a) and (b) of Code Ann. § 25-315.

If *Shelley* and appellants were correct and the total amount of the loan fee should not be included in the computational FAC base for calculating the fee under subsection (b) of Code Ann. § 25-315, it

would have the "anomalous" result, specifically disapproved in *Peppers,* "of assigning two different values to the FAC in the same note." *Peppers,* 144 Ga. App. 401, 404, supra. This result would follow from *Shelley's* and appellants' reasoning because while the total amount of the loan fee would *not* be included in FAC under subsection (b) of Code Ann. § 25-315, that amount apparently *would* be included in the computational FAC base of subsection (a) from which the *interest* is derived. "Since the lender is entitled to his fees for *making* the loan, and does not receive them at that time, but by means of installment payments during the [term of the loan], he is entitled to charge interest thereon." *Robbins v. Welfare Fin. Corp.,* 95 Ga. App. 90, 95, supra. Thus if *Peppers* and *Robbins* are correct then under both subsection (a), dealing with interest, and subsection (b) dealing with the loan fee, FAC is the same figure, the total amount it is necessary that the debtor borrow. If *Peppers* and *Robbins* are wrong and *Shelley* and appellants are correct, FAC is not the same computational base under both subsections and does not represent "the amount it is necessary to borrow to secure the amount desired by the borrower." *Peppers,* 144 Ga. App. 401, 403, supra. It is our conclusion that *Peppers* and *Robbins* are correct and FAC is the same computational base under both subsections and represents the entire amount borrowed, including all discounted elements of the underlying loan.

In *Financeamerica Corp. v. Drake,* 154 Ga. App. 811 (270 SE2d 449) (1980), the holding in *Peppers,* though limited in application, was specifically ratified while *Shelley* was specifically overruled insofar as the "retroactive application of *Peppers* was used as the basis for holding the contract 'null and void.' " *Financeamerica,* 154 Ga. App. at 819, supra. Accordingly, we find it necessary to say in the instant case only that the *reasoning* underlying the holding in *Shelley* is hereby overruled and will no longer be followed insofar as it conflicts with *Peppers'* definition of FAC. It was, therefore, not error for any reason urged on appeal to declare the note in the instant case to be a "valid" GILA obligation.

2. It is next urged that the trial court erred in granting summary judgment because Beneficial "failed to prove proper license under Ga. Code Ann. § 25-301 et seq. at the time the loan was made." Beneficial, while conceding that the record is devoid of evidence of its licensure at the relevant time, urges that such evidence was unnecessary in the context of a declaratory judgment action which seeks a mere determination of the underlying enforceability of a promissory note rather than the actual enforcement of that note.

"In cases of actual controversy the respective superior courts of the State of Georgia shall have power upon petition, or other

appropriate pleading, to declare rights, and other legal relations of any interested party petitioning for such declaration, whether or not future relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree . . ." Code Ann. § 110-1101 (a). "A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party." *Clein v. Kaplan,* 201 Ga. 396, 403 (40 SE2d 133) (1946). "[S]uch rulings, . . ., have the force and effect of a judgment or decree, and as such, and to such extent, are binding on all of the parties." *Shippen v. Folsom,* 200 Ga. 58, 60 (7) (35 SE2d 915) (1945). Applying the above stated principles to the instant case, it appears that the grant of summary judgment had the force and effect of declaring that the appellants' promissory note, governed by the GILA, was "enforceable" against them by Beneficial. Or, stated in the converse, the order in this case declared *Beneficial's* right to enforce a contract governed under the GILA. The order did not merely determine that the promissory note was enforceable, it also declared that it was enforceable *by Beneficial.* Actual enforcement in behalf of Beneficial was not ordered only because Beneficial did not also seek this relief but contented itself with a mere indication of its right to do so.

Obviously before a party is entitled to actual enforcement of an obligation, that party must have the underlying right to enforce it. When the obligation in issue is one governed under the GILA, there must be proof that "the obligee in the note sued upon was duly licensed *at the time the obligation was incurred.* [Cits.]" *Household Finance Corp. v. Johnson,* 119 Ga. App. 49 (165 SE2d 864) (1969). (Emphasis supplied.) In its petition for declaratory judgment, Beneficial made an allegation of its right to enforce the note in the instant case. Appellants, however, denied this allegation in their answer and Beneficial's right to enforce the note was thereby put into issue. Although Beneficial showed that it was licensed under the GILA in 1980, it did not submit evidence in support of its motion for summary judgment to prove that it was so licensed *in 1979 when the note was executed by appellants.* It is thus clear that the issue of Beneficial's underlying entitlement to enforce the note under the GILA remains unresolved. *Scoggins v. Whitfield Finance Co.,* 242 Ga. 416 (249 SE2d 222) (1978). Absent evidence of its licensure, Beneficial was not entitled to a declaration of its *right to enforce* the note. Appellants' obligation on the note was "conditional upon the

fact of license at the time it was incurred, and *[Beneficial's] right to enforce it* [was] conditional upon a showing of that fact, the burden being upon [it]. [Cit.]" (Emphasis supplied.) *Bayne v. Sun Finance Co.,* 114 Ga. App. 27, 28 (150 SE2d 311) (1966). There was no burden on appellants to disprove licensing. Rather, the burden of proving licensing was on Beneficial. It is, therefore, of no aid to Beneficial on appeal that appellants did not raise the issue of GILA licensing in the trial court. They denied Beneficial's licensing in their answer and the burden was then on Beneficial to prove its right to enforce a GILA obligation. There being a genuine issue of material fact as to Beneficial's licensure at the time the obligation was incurred, it was error to grant summary judgment in favor of Beneficial's right to enforce the note. *Scoggins v. Whitfield Finance Co.,* 242 Ga. 416, 417 (2), supra.

*Judgment reversed. Quillian, C. J., Shulman, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Deen P. J., and McMurray, P. J., concur in the judgment only.*

DECIDED JULY 8, 1981 —

*Ralph Goldberg,* for appellants.
*Douglas Campbell, G. Ray Warner,* for appellee.
*Charles M. Baird,* amicus curiae.