A90A0999. HYATT et al. v. BROYLES, DUNSTAN & DUNSTAN, P.C.
(400 SE2d 665)

POPE, Judge.

Appellee/plaintiff Broyles, Dunstan & Dunstan, P.C. (hereinafter "Broyles") brought this action for breach of contract and fraud against appellants/defendants Ken C. Hyatt and Imperial Chrysler-Plymouth, Inc. d/b/a Ken Hyatt Chrysler-Plymouth (hereinafter "Hyatt"). The jury returned a verdict in favor of Broyles on the breach of contract claim in the amount of $14,310.75 and $5,600 in attorney fees. On the fraud claim, the jury awarded Broyles actual damages of $10,000 plus $190,000 in punitive damages.

1. Hyatt argues the trial court erred in denying his motion for directed verdict for lack of personal jurisdiction. Specifically, Hyatt argues he did not "transact business" in Georgia so as to subject him-

self to Georgia's long-arm jurisdiction. We agree and reverse.

"Georgia's Long Arm Statute [OCGA § 9-10-91] states that the courts of this State may exercise personal jurisdiction over any non-resident as if he were a resident of this State, if in person or through an agent he [in the words of OCGA § 9-10-91 (1)] 'transacts any business within this State.' This has been interpreted to mean that purposeful acts must have been performed by the defendant to tie it to the State, and mere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state is insufficient to establish the purposeful activity with Georgia required by the Long Arm statute. The United States Supreme Court has held that an individual's contract with an out-of-state party *alone* cannot automatically establish sufficient minimum contacts in the other party's home forum, and that the contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction. It is these factors — prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing — that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." (Punctuation and citations omitted.) *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (1) (380 SE2d 303) (1989).

Larry Broyles, a partner in the law firm of Broyles, Dunstan & Dunstan, P.C., and who is admitted to practice in both Georgia and South Carolina, was retained by Hyatt to represent both the man and the corporation in connection with the sale of Hyatt's car dealership in Columbia, South Carolina, including representing Hyatt before the South Carolina Department of Consumer Affairs regarding complaints against the dealership for false advertising that had to be cleared up before the sale could occur. Broyles also was retained to represent Hyatt personally in connection with a dispute regarding title to land located in South Carolina. Although initial contact with Broyles was made at his office in Augusta, Georgia, he was not formally retained until an April 19, 1988, meeting with Hyatt at his dealership in Columbia, South Carolina. Hyatt testified the reason he chose Broyles to do the work was because he did not want everybody in Columbia to know about the sale of the dealership.

Thus, in this case, a South Carolina resident and a South Carolina corporation doing business in Columbia, South Carolina retained an attorney whose office is in Augusta, Georgia to represent them in matters relating to the sale of the South Carolina business, in connection with a possible suit over title to South Carolina land and in connection with proceedings before the South Carolina Department of Consumer Affairs defending alleged violations of South Carolina law. Although initial contact with the attorney about representation was made in his office in Georgia, formal retention of the attorney did not occur until the parties met in Columbia, South Carolina. Hyatt did

visit Broyles' office once to participate in a three-and-one-half hour telephone negotiating session with an attorney in Detroit who represented the Florida buyer regarding the dealership sales agreement.

Based on these facts, we hold that Hyatt did not have minimum contacts with Georgia sufficient to allow the superior court to exercise personal jurisdiction over Hyatt in this case. We find persuasive the case of *Amins v. Life Support Med. Equip. Corp.*, 373 FSupp. 654, 656 (4) (E.D.N.Y. 1974). In *Amins*, a New York patent attorney attempted to sue his Massachusetts client in New York pursuant to that state's long-arm statute for non-payment of his fee. The court held that there was insufficient contact with New York to invoke personal jurisdiction in that state. The court in *Amins* found that the attorney was retained in Massachusetts, that he performed a substantial amount of the work at his office in New York and had met with the Massachusetts client in New York about the matter on several occasions, though never at the attorney's office. However, the court found that the Massachusetts client had never acted to purposefully avail itself of the privilege of conducting business in New York, thus invoking the protection and privileges of New York law. Id. at 658. In *Amins*, the services performed had to do with patents, a matter of federal law, and the location of the attorney's office in New York was not a factor in the representation.

In the present case, the location of Broyles' office in Georgia was incidental to the representation other than for the fact that it was not in Columbia. Broyles has not shown that he was selected because he was a Georgia lawyer. The subject matters of the representation all had to do with South Carolina property or South Carolina law. No application or interpretation of Georgia law was involved. The only activity performed by Hyatt in Georgia was the meeting in Broyles' office. The subject of that meeting was the contract to be performed in South Carolina, negotiated by telephone with a Detroit attorney representing a Florida purchaser. Nothing in this activity caused Hyatt to purposefully avail itself of the privileges or protection of Georgia law. The fact that Broyles performed much of the legal work pursuant to the contract in Georgia does not change the result. As the court in *Amins* noted, a lawyer cannot rely on his own activities within the forum as a substitute for purposeful activity by his client to establish jurisdiction. *Amins*, supra at 658. Nor does the alleged fraud give rise to jurisdiction because the representations upon which the fraud action rests were made in South Carolina. The trial court erred in failing to grant the motion for directed verdict for lack of personal jurisdiction. See also *Wise v. State Bd. &c. of Architects*, 247 Ga. 206 (2) (274 SE2d 544) (1981).

2. Because of our ruling in Division 1, we need not reach appellant's remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1990 —
REHEARING DENIED DECEMBER 18, 1990.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Debra A. LeVorse, Lance D. Lourie,* for appellants.

*Surrett, Walker, Creson & Colley, Carl J. Surrett, Mark L. Wilhelmi,* for appellee.