# Court of Appeals
# of the State of Georgia

ATLANTA, __October 20, 2016__

*The Court of Appeals hereby passes the following order:*

## A17A0326.  MOORE v. PENNYMAC CORP.

In this quiet title case involving multiple parties, Carl Moore appeals from the trial court's entry of default judgment against him.  Appellee PennyMac Corp. has filed a motion to dismiss this appeal on the ground that the default judgment from which Moore appeals was not a final judgment and was not directly appealable because the case remained pending in the trial court.

> In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b)[1] or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed.

(Citation and punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). See generally OCGA § 5-6-34 (a) (1).

The entry of default judgment against Moore did not adjudicate the claims, rights, and/or liabilities of a third party involved in the lawsuit. Therefore, the default judgment was not a final judgment within the contemplation of OCGA § 5-6-34 (a) (1)

---

[1] OCGA § 9-11-54 (b) provides, that "[w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ."

and was not immediately appealable as a matter of right. See *Johnson*, 192 Ga. App. at 629. Moreover, the trial court made no express determination in the judgment that pursuant to OCGA § 9-11-54 (b) there was no just reason for delay.

Because neither OCGA § 9-11-54 (b) nor OCGA § 5-6-34 (b) was followed, Moore's appeal was premature and must be dismissed.[2] See generally *Wise v. Ga. State Bd. for Examination, Qualification & Registration of Architects*, 244 Ga. 449-450 (260 SE2d 477) (1979). Therefore, it is ordered that Appellee PennyMac Corp.'s motion to dismiss this appeal is hereby **GRANTED**.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____10/20/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] Approximately two months after the trial court entered the default judgment against Moore, the court entered a "Final Decree and Judgment Quieting Title Against All the World." This order, unlike the default judgment order, contained language adjudicating the claims, rights, and/or liabilities of the third party to the litigation. No appeal from this final order is noted in the record.